# EXHIBIT "A"

1570232

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 10/27/2020 9:59 AM
Envelope: 2809299
Reviewer: Victoria H

Case 1:21-cv-00040-JJM-LDA   Document 1-1   Filed 01/20/21   Page 2 of 25 PageID #: 6

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2020-06487 |
| **Plaintiff**<br>Barbara Ricci<br><br>v.<br><br>Kohl's, Inc. et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Wayne Resmini |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>1022 RESERVOIR AVENUE<br>CRANSTON RI 02910 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | **Address of the Defendant**<br>c/o AFS Corporate Creations Network Inc<br>10 Dorrance Street Suite 700<br>Providence RI 02903 |

**TO THE DEFENDANT, Kin, Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 9/16/2020. | /s/ Henry Kinch<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| Plaintiff | Civil Action File Number |
|---|---|
| Barbara Ricci | PC-2020-06487 |
| v. | |
| Kohl's, Inc. et al. | |
| **Defendant** | |

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Kin, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person of suitable age and discretion _____

Address of dwelling house or usual place of abode _____

_____

Age _____

Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.

Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.

Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 10/27/2020 9:59 AM
Envelope: 2809299
Reviewer: Victoria H

Case 1:21-CV-00040-JJM-LDA   Document 1-1   Filed 01/20/21   Page 4 of 25 PageID #: 8



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.

Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.

Name of person and designation _____

☑ By delivering said papers to an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____ *Corporate Creations Network, Inc.* ____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

SERVICE DATE: _10 / 19 / 2020_ _343 pm_     SERVICE FEE $ _45_

      Month   Day   Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE _____

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

 Signature

HAROLD W. OUIMETTE
R.I. CONSTABLE #6129
SC #437

State of _____

County of _____

    On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

                    Notary Public: _____

                    My commission expires: _____

                    Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 10/27/2020 9:59 AM
Envelope: 2809299
Reviewer: Victoria H

Case 1:21-cv-00040-JJM-LDA   Document 1-1   Filed 01/20/21   Page 5 of 25 PageID #: 9

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2020-06487 |
| **Plaintiff**<br>Barbara Ricci<br><br>v.<br><br>Kohl's, Inc. et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Wayne Resmini |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>1022 RESERVOIR AVENUE<br>CRANSTON RI  02910 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>c/o AFS Corporate Creations Network Inc<br>10 Dorrance Street Suite 700<br>Providence RI  02903 |

**TO THE DEFENDANT, Kohl's Department Stores, Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 9/16/2020. | /s/ Henry Kinch<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| | |
|---|---|
| **Plaintiff**<br>Barbara Ricci<br>v.<br>Kohl's, Inc. et al.<br>**Defendant** | **Civil Action File Number**<br>PC-2020-06487 |

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Kohl's Department Stores, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

Case 1:21-CV-00040-JJM-LDA    Document 1-1    Filed 01/20/21    Page 7 of 25 PageID #: 11



STATE OF RHODE ISLAND AND                    PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
Name of person and designation _____

☑ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent ___Corporate Creations Network, Inc___
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____
_____

SERVICE DATE: _10/19/2020_ _343pm_    SERVICE FEE $ _45 00_
     Month   Day   Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
  Signature

                          HAROLD W. OUIMETTE
State of _____    R.I. CONSTABLE #6129
County of _____    _Sc #13)_

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

Case 1:21-CV-00040-JJM-LDA   Document 1-1   Filed 01/20/21   Page 8 of 25 PageID #: 12



STATE OF RHODE ISLAND AND   PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2020-06487 |
| **Plaintiff**<br>Barbara Ricci<br><br>v.<br><br>Kohl's, Inc. et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Wayne Resmini |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>1022 RESERVOIR AVENUE<br>CRANSTON RI 02910 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | **Address of the Defendant**<br>c/o AFS Corporate Creations Network Inc<br>10 Dorrance Street<br>Providence RI 02903 |

**TO THE DEFENDANT, Kohl's, Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 9/16/2020. | /s/ Henry Kinch<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

Case 1:21-cv-00040-JJM-LDA   Document 1-1   Filed 01/20/21   Page 9 of 25 PageID #: 13



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| Plaintiff | Civil Action File Number |
|---|---|
| Barbara Ricci | PC-2020-06487 |
| v. | |
| Kohl's, Inc. et al. | |
| **Defendant** | |

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Kohl's, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

Case 1:21-cv-00040-JJM-LDA   Document 1-1   Filed 01/20/21   Page 10 of 25 PageID #: 14

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
   Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name of person and designation _____

☑ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent ___Corporate Creations Network Inc___
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____
_____

SERVICE DATE: _10/19/2020_ _343 PM_   SERVICE FEE $ ___45.00___
             Month  Day  Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE _____

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

Signature

State of _____

County of _____

HAROLD W. OUIMETTE
R.I. CONSTABLE #6129
SC #137

On this _____ day of _____, 20___, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

Case 1:21-cv-00040-JJM-LDA   Document 1-1   Filed 01/20/21   Page 11 of 25 PageID #: 15



STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

### SUMMONS

| | Civil Action File Number |
|---|---|
| | PC-2020-06487 |
| **Plaintiff** | **Attorney for the Plaintiff or the Plaintiff** |
| Barbara Ricci | Wayne Resmini |
| v. | **Address of the Plaintiff's Attorney or the Plaintiff** |
| Kohl's, Inc. et al. | 1022 RESERVOIR AVENUE |
| **Defendant** | CRANSTON RI  02910 |
| Licht Judicial Complex | **Address of the Defendant** |
| Providence/Bristol County | c/o AFS Corporate Creations Network Inc |
| 250 Benefit Street | 10 Dorrance Street Suite 700 |
| Providence RI  02903 | Providence RI  02903 |
| (401) 222-3250 | |

**TO THE DEFENDANT, Kohl's of Illinois, Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 9/16/2020. | /s/ Henry Kinch |
|---|---|
| | Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 10/27/2020 9:59 AM
Envelope: 2809299
Reviewer: Victoria H

Case 1:21-cv-00040-JJM-LDA   Document 1-1   Filed 01/20/21   Page 12 of 25 PageID #: 16




STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| Plaintiff<br>Barbara Ricci<br>v.<br>Kohl's, Inc. et al.<br>**Defendant** | **Civil Action File Number**<br>PC-2020-06487 |
| --- | --- |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Kohl's of Illinois, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____

_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

Case 1:21-cv-00040-JJM-LDA   Document 1-1   Filed 01/20/21   Page 13 of 25 PageID #: 17



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.

   Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.

   Name of person and designation _____

☑ By delivering said papers to an agent authorized by appointment or by law to receive service of process.

   Name of authorized agent _____ *Corporate Creators Network Inc*

   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

   _____

☐ I was unable to make service after the following reasonable attempts: _____

_____

SERVICE DATE: *10 / 19 / 2020*   *343PM*   SERVICE FEE $ *45⁰⁰*

      Month  Day  Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

 Signature

State of _____

County of _____

     HAROLD W. OUIMETTE
     R.I. CONSTABLE #6129
     *Sc #137*

   On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

           Notary Public: _____

           My commission expires: _____

           Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

*Regus Desi Dispatch*

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 9/16/2020 10:17 AM
Envelope: 2735869
Reviewer: Victoria H

Case 1:21-cv-00040-JJM-LDA   Document 1-1   Filed 01/20/21   Page 14 of 25 PageID #: 18

STATE OF RHODE ISLAND                    SUPERIOR COURT
PROVIDENCE, SC.

---

Barbara Ricci                    )
    Plaintiff,               )
                             )
                             )
Vs.                              )
                             )  C.A. NO. PC 2020-_____
Kin, Inc, alias                  )
Kohl's Department Stores,        )
Inc., alias, Kohl's Inc.,        )
alias, Kohl's Inc., alias,       )
Kohls of Illinois, alias, &      )
Doe 1 Thru Doe 4, Inclusive      )
    Defendants,              )
                             )

---

## *COMPLAINT*

1. The plaintiff, Barbara Ricci is an individual that is a resident of North Providence, Rhode Island.

2. Upon information and belief, Defendant, Kohl's, Inc., alias, and/or Defendant "Doe", aka Defendant, Kohl's Department Stores, Inc., alias, Defendant, "Doe" (hereinafter, "Kohl's") is a foreign corporation with a business address of N56 W17000 Ridgewood Drive in Menomonee Falls, WI 53051 with a licensed to do business address in the State of Rhode Island. Upon information and belief, the Defendant, Kohl's, alias, and/or Defendant, "Doe" is doing business at 321 Putnam Pike, Ste A280 in Smithfield, Rhode Island. The agent for service of process is Corporate Creations Network, Inc., 10 Dorrance Street in Providence, Rhode Island 02903.

3. Upon information and belief, Defendant, Kin, Inc., alias, and/or Defendant "Doe", aka Defendant, Kohl's Inc., alias, Defendant, "Doe" (hereinafter, "Kohl's") is a foreign corporation with a business address of N56 W17000 Ridgewood Drive in Menomonee Falls, WI 53051 with a licensed to do business address in the State of Rhode Island. Upon information and belief, the Defendant, Kohl's, alias, and/or Defendant, "Doe" is doing business at 321 Putnam Pike, Ste A280 in Smithfield, Rhode Island. The agent for service of process is Corporate Creations Network, Inc., 10 Dorrance Street, Ste. 700 in Providence, Rhode Island 02903.

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 9/16/2020 10:17 AM
Envelope: 2735869
Reviewer: Victoria H

Case 1:21-cv-00040-JJM-LDA   Document 1-1   Filed 01/20/21   Page 15 of 25 PageID #: 19

4.   Upon information and belief, Defendant, Kohl's Illinois,
     Inc., alias, Defendant, "Doe" (hereinafter, "Kohl's") is a
     foreign corporation with a business address of N56 W17000
     Ridgewood Drive in Menomonee Falls, WI 53051 with a
     licensed to do business address in the State of Rhode
     Island. Upon information and belief, the Defendant, Kohl's,
     alias, and/or Defendant, "Doe" is doing business at 321
     Putnam Pike, Ste A280 in Smithfield, Rhode Island. The
     agent for service of process is Corporate Creations
     Network, Inc., 10 Dorrance Street, Ste. 700 in Providence,
     Rhode Island 02903.

5.   Upon information and belief, Defendant, Kolh's Department
     Stores, Inc., alias, and/or Defendant "Doe", aka Defendant,
     Kohl's Inc., alias, Defendant, "Doe" (hereinafter,
     "Kohl's") is a foreign corporation with a business address
     of N56 W17000 Ridgewood Drive in Menomonee Falls, WI 53051
     with a licensed to do business address in the State of
     Rhode Island. Upon information and belief, the Defendant,
     Kohl's, alias, and/or Defendant, "Doe" is doing business at
     321 Putnam Pike, Ste A280 in Smithfield, Rhode Island. The
     agent for service of process is Corporate Creations
     Network, Inc., 10 Dorrance Street, Ste. 700 in Providence,
     Rhode Island 02903.

6.   Upon information and belief, defendant, Doe 1 Thru Doe 4,
     Inclusive, (hereinafter, "Doe" the true names and
     capacities whether Individual, corporate, or otherwise, of
     the named herein as Doe 1 thru Doe 4, Inclusive, are
     unknown to the plaintiffs at the present time, the
     plaintiffs sue said Doe defendants by such fictitious
     names. Plaintiffs informed and believed and therefore
     alleged that each of the defendant designated herein by
     fictitious names are in some manner responsible for the
     events a happening herein referred to, and caused the
     damages proximate and foreseeable hereby to the plaintiffs
     as hereinafter alleged. Plaintiffs will ask leave of the
     Court amend this complaint when the true names and
     capacities of the "Doe" defendant(s) have been ascertained.

7.   Plaintiffs' damages are sufficient to confer jurisdiction
     in the Superior Court.

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 9/16/2020 10:17 AM
Envelope: 2735869
Reviewer: Victoria H

Case 1:21-cv-00040-JJM-LDA   Document 1-1   Filed 01/20/21   Page 16 of 25 PageID #: 20

## COUNT I

8.  Several days prior to November 24, 2017, defendant, Kolh's,
    alias, and/or Defendant, "Doe" conducted an unusual and
    extensive advertising campaign in the Southern New England
    Area,  advertising on radio, television, newspapers and
    sending out handbills advertising the fact that Kolh's
    store would be open  early with great "Black Friday,"
    bargains on November 24, 2017.

9.  On or about November 24, 2017, Plaintiff, Barbara Ricci,
    was a business invitee upon Defendants premises, Kolhl's,
    alias, and/or Defendant, "Doe" (hereinafter "Kohl's"),
    located at 321 Putnam Pike Ste. A 280 , Smithfield, Rhode
    Island and at all times herein was in the exercise of due
    care and caution so as to allow recovery in this matter.

10. On or about November 24, 2017, Defendant, Kolhl's, by and
    through its agents, servants and/or employees was under the
    obligation to maintain the premises located at 321 Putnam
    Pike Ste. A 280 in Smithfield, Rhode Island in a clean,
    good, and safe condition for the general public.

11. Defendant, Kolh's, had a duty to exercise reasonable care
    to protect invitees such as plaintiff, Barbara Ricci from
    those risks of which Defendant, Kolh's was actually aware,
    and from those risks of which Kolh's should have been aware
    after reasonable inspection.

12. On November 24, 2017, plaintiff, Barbara "Ricci was on the
    premises at 321 Putnam Pike Ste. A 280 in Smithfield, Rhode
    Island, the Kolh's building, plaintiff,  state, that its
    officers, agents, and employees under the control and
    supervision of the defendant, Kolh's negligently and
    carelessly permitted excessive numbers of individuals onto
    the premises, placing plaintiff and others lawfully upon
    the premises  in danger of injury from overcrowding.

13. Defendant, Kolh's, through its officers, agents, servants
    and employees, was further negligent in failing to control
    or supervise the conduct of the crowd within the premises.
    The crowd was unmanageable, and pushed and jostled
    plaintiff to such an extent that while she was traversing
    the aisles, she, lost her footing and tripped slipped fell
    to the floor. Plaintiff, state, defendants, through its
    officers, agents, and employees, was further negligent in
    failings to employ more personal to supervise the crowds

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 9/16/2020 10:17 AM
Envelope: 2735869
Reviewer: Victoria H

Case 1:21-cv-00040-JJM-LDA   Document 1-1   Filed 01/20/21   Page 17 of 25 PageID #: 21

these negligent acts and omissions was a proximate cause of plaintiff's serious injuries.

14.  As a direct and proximate result of the defendant's negligence, plaintiff has suffered and will continue to suffer severe physical pain and mental anguish, to plaintiff's damage in an amount within the jurisdictional limits of this court.

15.  Defendant knew, or reasonably should have known, that crowds generated by its advertising, and the store would have a number of people of all ages shopping in the store and could result in harm to invitees such as that suffered by plaintiff.

16.  Plaintiff's injuries were the proximate result of defendant's breach of its duty owed plaintiff to exercise reasonable care for plaintiff's protection. Defendant breached its duty of care owed plaintiff in the following particulars:

   (a) in failing to use special police or security personnel or other appropriate means to keep order in the large crowd at defendant's store on the day of the sale;

   (b)  in failing to make any effort to prevent the crowd from engaging in dangerous pushing, shoving, and scuffling.

17.  As a proximate result of the defendant's negligence, plaintiff has suffered and continues to suffer severe physical pain and mental anguish, to plaintiff's damage in an amount within the jurisdictional limits of this court.

18.  As a direct and proximate result of the negligence of the Defendant, Kolhl's, the Plaintiff, Barbara Ricci, sustained severe personal injuries that required medical treatment for pain and suffering, trauma, anxiety, and loss of earning capacity, all of which were proximately caused by the negligence of said Defendant, Kolh's, and/or their agents servants and employees..

WHEREFORE, Plaintiff, Barbara Ricci demands judgment against the Defendant, Kolh's, alias, and/or Defendant, "Doe" plus interest, costs, and attorney fees.

Case 1:21-cv-00040-JJM-LDA   Document 1-1   Filed 01/20/21   Page 18 of 25 PageID #: 22

COUNT II

19.  Plaintiff hereby incorporates by reference each and every
     allegation contained in Paragraphs 1 through 18 of Count I
     above and repeats the same.

20.  On November 24, 2017, Plaintiff, Barbara Ricci, was a
     business invitee upon the premises owned by the Defendant,
     Kolhl's, located at 321 Putnam Pike Ste. A 280 in
     Smithfield, Rhode Island, wherein the Plaintiff, Barbara
     Ricci, was invited to shop and purchase items from said
     Defendant, Kolh's, and, while upon said premises, sustained
     a personal injury.

21.  Plaintiff, Barbara Ricci, having anticipated paying
     adequate consideration as a business invitee, imposes a
     contract of responsibility on said Defendant, Kolhl's', to
     maintain the property in a sufficient manner as to imply
     safety for its intended business invitee and guests.

22.  As a result of the Defendant's, Kolhl's, breach of that
     contractual duty in failing to maintain its property in a
     reasonable and safe manner, the Plaintiff, Barbara Ricci,
     incurred medical expenses.

23.  Additionally, Plaintiff, Barbara Ricci, sustained
     consequential damages as a result of the breach of contract
     by said Defendant, Kolhl's, and requests that she be
     indemnified accordingly.

WHEREFORE, Plaintiff, Barbara Ricci hereby demands judgment
against the Defendant, Kolh's, alias, and/or Defendant, "Doe",
on Count II, plus interest and costs.

COUNT III

24.  Plaintiff hereby incorporates by reference each and every
     allegation contained in Paragraphs 1 through 23 of Count I
     and II above and repeats the same.

25.  On or about November 24, 2017, Plaintiff, Barbara Ricci,
     was a business invitee upon Defendant, Kolhl's, premises
     wherein the Plaintiff, Barbara Ricci, was invited to
     purchase items from said Defendant, Kolhl's, and while upon
     said premises, sustained a personal injury.

26. Plaintiff, having paid consideration as business invitees, impose a contract of responsibility on said Defendant, Kolhl's, to maintain the property in a sufficient manner as to imply safety for its intended business invitee guests, and, further, by its mode of operation, is responsible for such negligence and foreseen conditions on its premises.

27. As a result of the Defendant's, Kohl's, breach of that duly in failing to maintain its property in a reasonable and safe manner, the Plaintiff incurred medical expenses and the loss of love, affection, companionship, society and consortium, all to the detriment of the Plaintiff, and as a result of the Defendant implied agreement to said Plaintiff.

28. Additionally, Plaintiff sustained consequential damages as a result of the breach of contract by said Defendant their agent's servants and employees, requests that they be indemnified accordingly.

WHEREFORE, Plaintiff, Barbara Ricci hereby demand judgment against the Defendants, jointly and severally, plus interest and costs.

COUNT IV

29. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 28 of Count I, Count II and Count III above and repeats the same

30. At all times mentioned in this complaint, defendant maintained, operated, and controlled a store for the retail sale of merchandise, known as Kolh's, located at 321 Putnam Pike Ste. A 280 in Smithfield, Rhode Island, wherein the Plaintiff, Barbara.

31. In the aisles of where the plaintiff was injured, defendant Kolh's maintained certain platforms that mannequin was resting on were placed throughout the store. The platforms holding the mannequin extended into the aisle, creating an obstruction to those passing along the aisle. The platforms were of a similar color and approximately the same shade as were floor covering and the platforms were not attached to the floors beneath them and created an unreasonable risk of injury to those passing along the aisle who would fail to notice the platform or be

distracted by the mannequin would be injured by coming into contact with them.

32. At all times mentioned in this complaint, defendant knew or in the exercise of reasonable care should have known that the platforms holding the mannequins created an unreasonable risk of injury by their presence, so that patrons of the Kohls store would be surprised after observing other aisles free of such obstructions and the aisle in question often free of the obstructing seats.

33. On November 24, 2017, plaintiff, Barbara Ricci, an invitee on defendant's premises, while viewing merchandise in the store with the intent to make purchases, walked against one of the carts on wheels holding merchandise that could not be places on the shelves, until a few moments prior to that time, had been free of obstruction. Plaintiff's struck the cart and a platform holding a store mannequin and the elderly plaintiff fell to the floor, sustaining injuries: [describe injuries].

34. Defendant's negligence in maintaining the nuisance created by the collapsible seats under the circumstances described above without any sign or other device warning of their presence was the proximate cause of plaintiff's injuries.

35. The injuries to plaintiff were caused solely and proximately by the negligence of defendant, Kolh's their agents, servants, and employees

36. On or about, November 24, 2017, Defendant, Kolh's, by and through its agents, servants and/or employees were under any obligation to maintain the premises of Kolh's located at 321 Putnam Pike Ste. A 280 in Smithfield, Rhode Island, in a clean, good and safe condition for the general public.

37. On or about November 24, 2017, Defendant, Kolh's by and through its agents, servants and/or employees was negligent in maintain the premises of Kohl's at 321 Putnam Pike Ste. A 280 in Smithfield, Rhode Island, tin a clean, good and safe condition so as to cause Plaintiff, Barbara Ricci to suffer injures when she tripped over the cart of one of the aisles.

38. As a direct and proximate result of the negligence of the Defendant, Kohl's the plaintiff, Barbara Ricci, sustained severe personal injuries that required medical treatment

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 9/16/2020 10:17 AM
Envelope: 2735869
Reviewer: Victoria H
:CV-00040-JJM-LDA   Document 1-1   Filed 01/20/21   Page 21 of 25 PageID #: 25

for pain and suffering, trauma anxiety, and loss of earning
capacity all of which were proximately caused by the
negligence of the Defendant, Kohl's.

WHEREFORE, Plaintiff, Barbara Ricci, hereby demands judgment
against the Defendant, Kolh's plus interest and costs.

COUNT V

39.   Plaintiff hereby incorporates by reference each and every
      allegation contained in Paragraphs 1 through 38 of Count I,
      Count II, Count III and Count IV above and repeats the
      same.

40.   On or about November 24, 2017, Defendant, Kolh's a self-
      service establishment, should have reasonably foreseen that
      a dangerous condition could occur anywhere in the store due
      to the product sold in its store.

41.   Plaintiff, Barbara Ricci, entrusted he safety to Defendant,
      Kolh's, and imposes a responsibility on said Defendant,
      Kohl's, to take reasonable precautions necessary to protect
      her form foreseeable conditions that are related to the
      owner's self-service mode of operation.

42.   As a result of not taking reasonable precautions to protect
      the plaintiff, Barbara Ricci, Defendant, Kolh's breached
      their duty to provide a safe shopping environment for
      customers in its tore, and Defendant, Kolh's, is liable for
      the injuries sustained by the plaintiff, Barbara Ricci, on
      November 24, 2017.

43.   As a direct and proximate sures of the negligence of the
      Defendant, Kolh's, the plaintiff, Barbara Ricci, sustained
      severe personal injuries that required medical treatment
      that is ongoing as well as other damages proximately caused
      by the negligence of the said defendant, Kolh's.

44.   Damages are sufficient to confer jurisdiction upon the
      Superior Court.

WHEREFORE, Plaintiff, Barbara Ricci, hereby demands judgment
against the Defendant, Kolh's plus interest and costs.

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 9/16/2020 10:17 AM
Envelope: 2735869
Reviewer: Victoria H

Case 1:21-cv-00040-JJM-LDA   Document 1-1   Filed 01/20/21   Page 22 of 25 PageID #: 26

Count VI

45.  Plaintiff hereby incorporates by reference each and every
     allegation contained in Paragraphs 1 through 44 of Count I,
     Count II, Count III, Count IV and Count V above and repeats
     the same.

46.  At all times mentioned in this complaint, defendant Kolh's,
     alias, and/or Defendant, "Doe" owned, operated, and
     controlled a certain retail store, known as Kolh's located
     At 321 Putnam Pike Ste. A 280 in Smithfield, Rhode Island.

47.  On November 24, 2017, plaintiff, Barbara Ricci entered
     defendant's store during the regular hours for retail
     customers to inspect and, if desired, to purchase
     defendant's merchandise.

48.  At all times mentioned in this complaint, defendant had the
     duty to maintain the premises in a reasonably safe
     condition for retail customers, including plaintiff, and to
     provide in particular an aisle or other suitable place from
     which the customers, including plaintiff, could view the
     merchandise and make their purchases. In violation of this
     duty, defendant maintained in one of the aisles provided
     for customers a cart and clothing on the floor not readily
     observable by patrons of the store whenever the aisle
     became crowded. Defendant knew or had reason to know that
     this obstruction created an unreasonable risk of injury to
     those patronizing the store and could reasonably foresee
     that a patron, such as plaintiff, would trip and fall over
     the obstruction and be injured as a result.

49.  On the date first mentioned above, while plaintiff
     traversed the above-mentioned aisle with a number of other
     patrons, looking at the merchandise and moving with due
     care to avoid bumping into other patrons, plaintiff tripped
     over clothing and other obstructions in the aisle, fell to
     the floor, and sustained injuries.

50.  Defendant's negligence in failing to provide a reasonably
     safe aisle within which plaintiff might shop, and in
     maintaining the above-described obstruction in the aisle,
     was the proximate cause of plaintiff's injuries.

51.  The above-described injuries to plaintiff were caused
     solely and proximately by the negligence of defendant and

without any contributory negligence on the part of
plaintiff.

52.  As a direct and proximate sures of the negligence of the
Defendant,  Kolh's, the plaintiff, Barbara Ricci, sustained
severe personal injuries that required medical treatment
that is ongoing as well as other damages proximately caused
by the negligence of the said defendant, Kolh's.

WHEREFORE, Plaintiff, Barbara Ricci, hereby demands judgment
against the Defendant, Kolh's plus interest and costs and such
other and further relief as the court deems just and proper.

COUNT VII

53.  Plaintiff hereby incorporates by reference the allegations
of paragraphs 1 through 52 as set forth herein.

54.  Defendants and their agents, servants and/or employees at
all times material herein, owned, operated, managed,
controlled, and maintained the premises at 371 Putnam Pike,
Ste. A280 Smithfield, Providence County in the State of
Rhode Island.

55.  Defendants and their agent's servants and employees were
responsible for providing security and safety measures for
crowd management and control at 371 Putnam Pike, Ste. A280
Smithfield, Providence County in the State of Rhode Island.

56.  Defendants their agents, servants and employees  had a duty
to use reasonable care and specifically an obligation to
inspect, repair and reasonably maintain the subject areas,
of the premises which it leased, owned, managed,
maintained, controlled and/or operated.

57.  Defendants failed to inspect and maintain the area in a
reasonably safe condition and failed to maintain the
premises in a condition fit for its intended and
foreseeable use.

58.  Defendants failed to remove, inspect, or maintain, and/or
place a railing, rope, guardrail, or barriers around the
platform so that individuals lawfully upon the premises
would not slip trip and fall over an object that was not
properly anchored to the floor and easy to move.

59.   Defendants failed to warn customers on the premises of the
      dangerous condition on the premises.

60.   Based upon its obligation to inspect and maintain the
      subject area, Defendants, their agents servants, and
      employee knew or should have known that the subject area
      contained or which could not have been discovered by
      foreseeable users of the subject area through reasonable
      observation in a crowded store.

61.   Defendants knew or should have known that the subject area
      was open to use by business invitees and guests and
      encouraged and advertised for customers to be there.

62.   Defendants and their agents, servants and employees  having
      caused them  to exist through negligent maintenance and
      inspection of the subject area, failed to remove the hidden
      danger and failed to warn the public, including Plaintiff.

63.   Defendants knew or should have known that the subject area
      was open to continual and extensive use by the public.
      Defendants failed to provide adequate security or crowd
      control and failed to instruct or warn patrons of the
      danger of the platform.

64.   Defendants, having caused the hidden defect to exist
      through their negligent placement, design, construction,
      maintenance and inspection of the premises, failed to
      remove the hidden defect, abate the dangerous conditions,
      and failed to warn the public, including Plaintiff, Barbara
      Ricci concerning the hidden defect.

65.   As a direct and proximate result of Defendants' failure to
      use due care in the inspection, repair, maintenance,
      security, crowd control and warnings regarding the subject
      area, Plaintiff, Barbara Ricci has sustained severe and
      permanent injuries and other damages described herein.

WHEREFORE, Plaintiff, Barbara Ricci demands judgment against
Defendants, Kohl's, alias, and/or Defendant, "Doe" jointly and
severally, on this Count plus interest and costs of this action.


THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS.

Plaintiff,
Barbara Ricci
By her Attorney

/s/Wayne G. Resmini, Esq.
Wayne G. Resmini, Esq. #6373
RESMINI LAW LLC
1022 Reservoir Avenue
Cranston, RI 02910
(401) 751-6655 (Phone)
(401) 751-6282 (Facsimile)


Dated: September 1, 2020