

# STATE OF RHODE ISLAND
# AND PROVIDENCE PLANTATIONS

### CLERK'S CERTIFICATE AND TRANSMITTAL OF THE RECORD

**Case Information**

Case Caption: **Barbara Ricci** vs. **Kohl's, Inc. et al.**

Federal Court Case No. **1:21-CV-00040**    State Court Case No. **PC-2020-06487**

**Record Information**

Confidential:   Yes ☐   No ☑   Description: _____

Sealed documents:   Yes ☐   No ☑   Description: _____

**Certification**

I, **Zoila Corporan** , Clerk of the Rhode Island Superior Court for the County of **Providence** do certify that the attached documents are all the documents included in the record in the above referenced case.

Date: Jan/20/2021

Clerk:
/s/ **Zoila Corporan**

Prepared by:
/s/ **Zoila Corporan**

PROVIDENCE/BRISTOL COUNTY SUPERIOR COURT

# SC DOCKET SHEET
## CASE NO. PC-2020-06487

Barbara Ricci
v.
Kohl's, Inc. et al.

§
§
§
§
§

Location: **Providence/Bristol County Superior Court**
Filed on: **09/16/2020**
US District Court Case Number: **1:21-CV-00040**

---

### CASE INFORMATION

**Statistical Closures**
01/20/2021    Closed-Non Trial-Unassigned-Removed to Federal Court

Case Type: **Personal Injury**

Case Status: **01/20/2021  Closed**

Case Flags: **Claim for Jury Trial**

---

| DATE | CASE ASSIGNMENT |
| --- | --- |
| | **Current Case Assignment** |
| | Case Number          PC-2020-06487 |
| | Court                Providence/Bristol County Superior Court |
| | Date Assigned       09/16/2020 |

---

### PARTY INFORMATION

| | | Lead Attorneys |
| --- | --- | --- |
| Plaintiff | Ricci, Barbara | **RESMINI, WAYNE**<br>*Retained*<br>4017516655 x000(W) |
| Defendant | Kin, Inc. | **Yarbro, Amy B.**<br>*Retained*<br>6174397594(W) |
| | Kohl's Department Stores, Inc. | **Yarbro, Amy B.**<br>*Retained*<br>6174397594(W) |
| | Kohl's of Illinois, Inc. | **Yarbro, Amy B.**<br>*Retained*<br>6174397594(W) |
| | Kohl's, Inc. | **Yarbro, Amy B.**<br>*Retained*<br>6174397594(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT |
| --- | --- |
| | **EVENTS** |
| 01/20/2021 | Closed-Non Trial-Unassigned-Removed to Federal Court |
| 01/20/2021 | Case Removed to US District Court |
| 01/20/2021 | Notice of Removal<br>*Notice of Removal* |
| 01/20/2021 | Notice of Removal<br>*Notice of Removal* |
| 12/21/2020 | Claim of Jury Trial Filed<br>*Defendants' Jury Demand* |
| 12/21/2020 | Answer Filed<br>*Defendants' Answer to Plaintiff's Complaint* |

PROVIDENCE/BRISTOL COUNTY SUPERIOR COURT

# SC DOCKET SHEET
## CASE NO. PC-2020-06487

| | | |
|---|---|---|
| 12/11/2020 | Entry of Appearance | |
| | *Defendants, Kin, Inc., Kohl s Department Stores, Inc., Kohl s Inc., Kohls of Illinois (misnamed) Entry of Appearance* | |
| 10/27/2020 | Summons Proof of Service Filed | |
| | *Summons Proof of Service - Defendant Kohl's Department Stores, Inc.* | |
| 10/27/2020 | Summons Proof of Service Filed | |
| | *Summons Proof of Service - Defendant Kohl's of Illinois, Inc.* | |
| 10/27/2020 | Summons Proof of Service Filed | |
| | *Summons Proof of Service - Defendant Kin, Inc.* | |
| 10/27/2020 | Summons Proof of Service Filed | |
| | *Summons Proof of Service - Defendant Kohl's, Inc.* | |
| 09/16/2020 | Summons | |
| 09/16/2020 | Claim of Jury Trial Filed | |
| | *Jury Trial Demand* | |
| 09/16/2020 | Complaint Filed | |
| | *Complaint* | |

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2021 12:07 PM
Envelope: 2924280
Reviewer: Zoila C.

Case 1:21-CV-00040-JJM-LDA   Document 3   Filed 01/20/21   Page 4 of 120 PageID #: 39

# EXHIBIT "A"

1570232

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2021 12:07 PM
Envelope: 2924280
Reviewer: Zoila G.

Case 1:21-cv-00040-JJM-LDA   Document 3-2  Filed 01/22/21  Page 5 of 120 PageID #: 42

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Barbara Ricci

## DEFENDANTS

KIN, Inc, Kohl's Department Stores, Inc., Kohl's, Inc., and Kohls of IL

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Waukesha (Wisconsin)
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Wayne G. Resmini, Esq., Resmini Law LLC, 1022 Reservoir Avenue, Cranston, RI 02910, 401-751-6655

Attorneys *(If Known)*

Amy B. Yarbro, Esq., Morrison Mahoney LLP, 250 Summer Street, Boston, MA 02210, 617-439-7500

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      *(U.S. Government Not a Party)*

☐ 2  U.S. Government
      Defendant

☒ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
      Proceeding

☒ 2  Removed from
      State Court

☐ 3  Remanded from
      Appellate Court

☐ 4  Reinstated or
      Reopened

☐ 5  Transferred from
      Another District
      *(specify)*

☐ 6  Multidistrict
      Litigation -
      Transfer

☐ 8  Multidistrict
      Litigation -
      Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332, 1441

Brief description of cause:
civil suit, diversity jurisdiction

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

DEMAND $
1,750,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
01/20/2021

SIGNATURE OF ATTORNEY OF RECORD
/s/Amy B. Yarbro

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

Print        Save As...        Page 5        Reset

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2021 12:07 PM
Envelope: 2924280
Reviewer: Zoila C.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BARBARA RICCI

      Plaintiff

      vs.

KIN, INC, alias KOHL'S DEPARTMENT
STORES, INC., alias, KOHL'S INC., alias,
KOHL'S INC., alias, KOHLS OF
ILLINOIS, alias, and DOE 1 THRU 4,
INCLUSIVE

      Defendants

C.A. NO.

## **DEFENDANTS' NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1446(a) and Local Rule Cv 81, the defendants, KIN, Inc., Kohl's

Department Stores, Inc., Kohl's, Inc., and Kohls of Illinois (misnamed) (collectively, "the Kohl's

Defendants"), hereby give notice of their removal of this action from the Providence/Bristol

County Superior Court of Rhode Island to the United States District Court for the District of Rhode

Island.  In support of this Notice, the Kohl's Defendants respectfully state as follows:

### **BACKGROUND**

1.      By Summons and Complaint, plaintiff Barbara Ricci ("Ms. Ricci" or "Plaintiff")

commenced a civil action against the Kohl's Defendants in Providence/Bristol County Superior

Court entitled Barbara Ricci v. KIN, Inc., alias Kohl's Department Stores, Inc., alias, Kohl's Inc.,

alias, Kohl's Inc., alias, Kohls Of Illinois, alias, and Doe 1 Thru 4, Inclusive, C.A. No. PC-2020-

06487 ("the Superior Court Action").  True and complete copies of the Summons and Complaint

that the Plaintiff caused to be served upon the Kohl's Defendants are attached as **Exhibit A.**

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2021 12:07 PM
Envelope: 2924280
Reviewer: Zoila C.

Case 1:21-cv-00040-JJM-LDA Document 1 Filed 01/20/21 Page 8 of 120 PageID #: 43

2.      Defendants were served with the Summons and Complaint in the Superior Court action on October 19, 2020 and filed their answer on December 21, 2020. The instant Notice of Removal is being filed within 30 days of the date of the Kohl's Defendants' Answers, as it became apparent that removal was appropriate in accordance with 28 U.S.C. § 1446(b)(3).

3.      This removal is timely under 28 U.S.C. § 1446(c) despite Plaintiff naming purported non-diverse defendants– the "Does" doing business in Providence. See **Exhibit A**, ¶ 2-6. There is no reasonable possibility that the state's highest court would find that the Complaint stated a cause of action upon which relief may be granted against the individual "Doe" defendants. Universal Truck & Equip. Co. v. Southworth-Milton, Inc., 765 F.3d 103, 108 (1st Cir. 2014).

4.      A Notice of Filing of Notice of Removal shall be promptly filed by the defendants with the Providence County Superior Court. 28 U.S.C. § 1446(d).

5.      The Superior Court Action is a suit of a wholly civil nature brought in the Superior Court of the State of Rhode Island, in and for Providence County. The United States District Court for the District of Rhode Island is therefore the proper forum and venue to which this action may be removed under the provisions of 28 U.S.C. §§ 101 and 1441(a).

6.      This Court has original jurisdiction to entertain this action because the only parties to this case are citizens of different states and because the plaintiff claims that her potential damages exceed the sum of $75,000, exclusive of interest and costs. 28 U.S.C., §§ 1332(a)(1), 1441(a). Removal of this action is not prohibited by 28 U.S.C. § 1445.

7.      With respect to the amount in controversy, the plaintiff has made a demand for "policy limits," which amount to $1,750,000.

8.      With respect to diversity of citizenship, the plaintiff is a resident of North Providence, Rhode Island, County of Providence.

2

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2021 12:07 PM
Envelope: 2924280
Reviewer: Zoila C.

Case 1:21-cv-00040-JJM-LDA Document 1 Filed 01/20/21 Page 9 of 20 PageID #: 34

9.      Defendant KIN, Inc., is a Wisconsin corporation having its principal place of business in Menomonee Falls, Wisconsin, County of Waukesha.

10.     Defendant Kohl's, Inc., is Wisconsin corporation having its principal place of business in Menomonee Falls, Wisconsin, County of Waukesha.

11.     Defendant Kohl's Department Stores, Inc., is Wisconsin corporation having its principal place of business in Menomonee Falls, Wisconsin, County of Waukesha.

12.     Defendant Kohls of Illinois (misnamed) is Wisconsin corporation having its principal place of business in Menomonee Falls, Wisconsin, County of Waukesha.

13.     This Notice of Removal is being filed in the District of Rhode Island, the District Court of the United States for the district and division within which the Superior Court action is pending. 28 U.S.C. § 1446(a).

WHEREFORE, Defendants respectfully request that the Superior Court action be removed and herein proceed in the United States District Court for the District of Rhode Island.

The Defendants,
KIN Inc., Kohl's Department Stores, Inc.,
Kohl's, Inc., and Kohls of Illinois
(misnamed),

By Their Attorneys,


/s/ Amy B. Yarbro
Amy B. Yarbro, #8999
ayarbro@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Phone:   617-439-7500
Fax:      617-342-4918

3

Case 1:21-cv-00040-JJM-LDA Document 1 Filed 01/20/21 Page 40 of 140 PageID #445

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the

registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will

be sent to those indicated as non-registered participants, as listed below, on January 20, 2021.

Wayne G. Resmini, Esq.
Resmini Law LLC
1022 Reservoir Avenue
Cranston, RI 02910


 /s/ *Amy B. Yarbro*
_____

4

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2021 12:07 PM
Envelope: 2924280
Reviewer: Zoila C.

# EXHIBIT "A"

1570232

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 10/20/2020 1:53 PM
Envelope: 2800280
Reviewer: Zoila G H

Case 1:21-cv-00463-JJM-LDA   Document 31-1   Filed 01/20/21   Page 2 of 25 PageID #: 47



STATE OF RHODE ISLAND AND    Justice Independence Honor    PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| | **Civil Action File Number** |
|---|---|
| | PC-2020-06487 |
| **Plaintiff** <br> Barbara Ricci | **Attorney for the Plaintiff or the Plaintiff** <br> Wayne Resmini |
| v. | **Address of the Plaintiff's Attorney or the Plaintiff** |
| Kohl's, Inc. et al. | 1022 RESERVOIR AVENUE |
| **Defendant** | CRANSTON RI 02910 |
| Licht Judicial Complex <br> Providence/Bristol County <br> 250 Benefit Street <br> Providence RI 02903 <br> (401) 222-3250 | **Address of the Defendant** <br> c/o AFS Corporate Creations Network Inc <br> 10 Dorrance Street Suite 700 <br> Providence RI 02903 |

**TO THE DEFENDANT, Kin, Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 9/16/2020. | /s/ Henry Kinch <br> Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| Plaintiff | Civil Action File Number |
|---|---|
| Barbara Ricci | PC-2020-06487 |
| v. | |
| Kohl's, Inc. et al. | |
| **Defendant** | |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Kin, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
   Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name of person and designation _____

☑ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent ___Corporate Creations Network, Inc___
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

   _____

☐ I was unable to make service after the following reasonable attempts: _____

   _____

SERVICE DATE: __10 / 19 / 2020__ 343 pm     SERVICE FEE $ ___45___
              Month Day Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE _____

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

Signature

State of _____        HAROLD W. OUIMETTE
                                         R.I. CONSTABLE #6129
County of _____
                                         SC #437

   On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

                          Notary Public: _____
                          My commission expires: _____
                          Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| | Civil Action File Number |
|---|---|
| | PC-2020-06487 |
| **Plaintiff**<br>Barbara Ricci<br>v.<br>Kohl's, Inc. et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Wayne Resmini |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>1022 RESERVOIR AVENUE<br>CRANSTON RI 02910 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | **Address of the Defendant**<br>c/o AFS Corporate Creations Network Inc<br>10 Dorrance Street Suite 700<br>Providence RI 02903 |

**TO THE DEFENDANT, Kohl's Department Stores, Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 9/16/2020. | /s/ Henry Kinch<br>Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| Plaintiff | Civil Action File Number |
|---|---|
| Barbara Ricci | PC-2020-06487 |
| v. | |
| Kohl's, Inc. et al. | |
| **Defendant** | |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Kohl's Department Stores, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 10/20/2020 6:59 AM
Envelope: 2800280
Reviewer: Zoila G H

Case 1:21-CV-00040-JJM-LDA    Document 3-1 Filed 01/02/2021 Page 7 of 25 PageID #: 52

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.

Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.

Name of person and designation _____

☑ By delivering said papers to an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _Corporate Creations Network, Inc_

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

SERVICE DATE: _10/19/2020_  _3:43pm_     SERVICE FEE $ _45.00_

Month  Day  Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

Signature

HAROLD W. OUIMETTE
R.I. CONSTABLE #6129
_SC #13)_

State of _____

County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 10/27/2020 9:59 AM
Envelope: 2800200
Reviewer: Zoila G H

Case 1:21-CV-00040-JJM-LDA   Document 3-1 Filed 01/02/2021 Page 18 of 120 PageID #: 53



STATE OF RHODE ISLAND AND   PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| | Civil Action File Number |
| --- | --- |
| | PC-2020-06487 |
| **Plaintiff** | **Attorney for the Plaintiff or the Plaintiff** |
| Barbara Ricci | Wayne Resmini |
| v. | **Address of the Plaintiff's Attorney or the Plaintiff** |
| Kohl's, Inc. et al. | 1022 RESERVOIR AVENUE |
| **Defendant** | CRANSTON RI  02910 |
| Licht Judicial Complex | **Address of the Defendant** |
| Providence/Bristol County | c/o AFS Corporate Creations Network Inc |
| 250 Benefit Street | 10 Dorrance Street |
| Providence RI  02903 | Providence RI  02903 |
| (401) 222-3250 | |

**TO THE DEFENDANT, Kohl's, Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 9/16/2020. | /s/ Henry Kinch |
| --- | --- |
| | Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 10/27/2020 6:59 AM
Envelope: 2800280
Reviewer: Zoila G H



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| | Civil Action File Number |
|---|---|
| **Plaintiff**<br>Barbara Ricci<br>v.<br>Kohl's, Inc. et al.<br>**Defendant** | PC-2020-06487 |

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Kohl's, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 10/27/2020 10:58 AM
Envelope: 2800280
Reviewer: Zoila G H

Case 1:21-cv-00040-JJM-LDA Document 3-1 Filed 01/20/21 Page 20 of 25 PageID #: 54



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.

Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.

Name of person and designation _____

☑ By delivering said papers to an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____Corporate Creations Network Inc_____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

SERVICE DATE: __10/19/2020__ 343 PM   SERVICE FEE $ __45 00__

Month   Day   Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

Signature

State of _____

County of _____

HAROLD W. OUIMETTE
R.I. CONSTABLE #6129
SC#137

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 10/27/2020 10:08 AM
Envelope: 2800290
Reviewer: Zoila G H

Case 1:21-cv-00040-JJM-LDA  Document 3-1  Filed 01/20/21  Page 21 of 25 PageID #: 55

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| Plaintiff | Civil Action File Number |
| | PC-2020-06487 |

| Plaintiff | Attorney for the Plaintiff or the Plaintiff |
| Barbara Ricci | Wayne Resmini |
| v. | **Address of the Plaintiff's Attorney or the Plaintiff** |
| Kohl's, Inc. et al. | 1022 RESERVOIR AVENUE |
| **Defendant** | CRANSTON RI  02910 |

| Licht Judicial Complex | Address of the Defendant |
| Providence/Bristol County | c/o AFS Corporate Creations Network Inc |
| 250 Benefit Street | 10 Dorrance Street Suite 700 |
| Providence RI  02903 | Providence RI  02903 |
| (401) 222-3250 | |

**TO THE DEFENDANT, Kohl's of Illinois, Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 9/16/2020. | /s/ Henry Kinch |
| | Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 10/27/2020 3:59 AM
Envelope: 2800290
Reviewer: Zoila G H

Case 1:21-cv-00040-JJM-LDA Document 3-1 Filed 01/20/21 Page 22 of 25 PageID #: 57



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| Plaintiff | Civil Action File Number |
|---|---|
| Barbara Ricci | PC-2020-06487 |
| v. | |
| Kohl's, Inc. et al. | |
| **Defendant** | |

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Kohl's of Illinois, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____

_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 10/27/2020 10:58 AM
Envelope: 2800200
Reviewer: Zoila G H

Case 1:21-cv-00040-JJM-LDA   Document 3-1   Filed 01/20/21   Page 23 of 125 PageID #: 57




STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.

Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.

Name of person and designation _____

☑ By delivering said papers to an agent authorized by appointment or by law to receive service of process.

Name of authorized agent ___*Corporate Creations Network Inc*___

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

SERVICE DATE: _10_ / _19_ / _2020_  _343PM_   SERVICE FEE $ _45.⁰⁰_

    Month  Day  Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

Signature

State of _____

County of _____

    HAROLD W. OUIMETTE
    R.I. CONSTABLE #6129
    Sc #137

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

    Notary Public: _____

    My commission expires: _____

    Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

_Regus Desi Dispatch_

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 9/26/2020 10:07 AM
Envelope: 2928280
Reviewer: Zoila G H

Case 1:21-cv-00040-JJM-LDA    Document 3-1 Filed 01/22/21 Page 24 of 25 PageID #: 58

STATE OF RHODE ISLAND                          SUPERIOR COURT
PROVIDENCE, SC.

```
Barbara Ricci                    )
        Plaintiff,               )
                                 )
Vs.                              )
                                 )  C.A. NO. PC 2020-_____
Kin, Inc, alias                  )
Kohl's Department Stores,        )
Inc., alias, Kohl's Inc.,        )
alias, Kohl's Inc., alias,       )
Kohls of Illinois, alias, &      )
Doe 1 Thru Doe 4, Inclusive      )
        Defendants,              )
                                 )
```

## _COMPLAINT_

1.    The plaintiff, Barbara Ricci is an individual that is a
      resident of North Providence, Rhode Island.

2.    Upon information and belief, Defendant, Kohl's, Inc.,
      alias, and/or Defendant "Doe", aka Defendant, Kohl's
      Department Stores, Inc., alias,  Defendant, "Doe"
      (hereinafter, "Kohl's") is a foreign corporation with a
      business address of N56 W17000 Ridgewood Drive in Menomonee
      Falls, WI 53051 with a licensed to do business address in
      the State of Rhode Island. Upon information and belief, the
      Defendant, Kohl's, alias, and/or Defendant, "Doe" is doing
      business at 321 Putnam Pike, Ste A280 in Smithfield, Rhode
      Island. The agent for service of process is Corporate
      Creations Network, Inc., 10 Dorrance Street in Providence,
      Rhode Island  02903.

3.    Upon information and belief, Defendant, Kin, Inc., alias,
      and/or Defendant "Doe", aka Defendant, Kohl's Inc., alias,
      Defendant, "Doe" (hereinafter, "Kohl's") is a foreign
      corporation with a business address of N56 W17000 Ridgewood
      Drive in Menomonee Falls, WI 53051 with a licensed to do
      business address in the State of Rhode Island. Upon
      information and belief, the Defendant, Kohl's, alias,
      and/or Defendant, "Doe" is doing business at 321 Putnam
      Pike, Ste A280 in Smithfield, Rhode Island. The agent for
      service of process is Corporate Creations Network, Inc., 10
      Dorrance Street, Ste. 700 in Providence, Rhode Island
      02903.

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 9/26/2020 12:07 AM
Envelope: 2728880
Reviewer: Zoila C. H

Case 1:21-cv-00040-JJM-LDA   Document 3-1   Filed 01/22/21   Page 25 of 25 PageID #: 69

4.   Upon information and belief, Defendant, Kohl's Illinois,
     Inc., alias,  Defendant, "Doe" (hereinafter, "Kohl's") is a
     foreign corporation with a business address of N56 W17000
     Ridgewood Drive in Menomonee Falls, WI 53051 with a
     licensed to do business address in the State of Rhode
     Island. Upon information and belief, the Defendant, Kohl's,
     alias, and/or Defendant, "Doe" is doing business at 321
     Putnam Pike, Ste A280 in Smithfield, Rhode Island. The
     agent for service of process is Corporate Creations
     Network, Inc., 10 Dorrance Street, Ste. 700 in Providence,
     Rhode Island 02903.

5.   Upon information and belief, Defendant, Kolh's Department
     Stores, Inc., alias, and/or Defendant "Doe", aka Defendant,
     Kohl's Inc., alias,  Defendant, "Doe" (hereinafter,
     "Kohl's") is a foreign corporation with a business address
     of N56 W17000 Ridgewood Drive in Menomonee Falls, WI 53051
     with a licensed to do business address in the State of
     Rhode Island. Upon information and belief, the Defendant,
     Kohl's, alias, and/or Defendant, "Doe" is doing business at
     321 Putnam Pike, Ste A280 in Smithfield, Rhode Island. The
     agent for service of process is Corporate Creations
     Network, Inc., 10 Dorrance Street, Ste. 700 in Providence,
     Rhode Island 02903.

6.   Upon information and belief, defendant, Doe 1 Thru Doe 4,
     Inclusive, (hereinafter, "Doe" the true names and
     capacities whether Individual, corporate, or otherwise, of
     the named herein as Doe 1 thru Doe 4, Inclusive, are
     unknown to the plaintiffs at the present time, the
     plaintiffs sue said Doe defendants by such fictitious
     names. Plaintiffs informed and believed and therefore
     alleged that each of the defendant designated herein by
     fictitious names are in some manner responsible for the
     events a happening herein referred to, and caused the
     damages proximate and foreseeable hereby to the plaintiffs
     as hereinafter alleged. Plaintiffs will ask leave of the
     Court amend this complaint when the true names and
     capacities of the "Doe" defendant(s) have been ascertained.

7.   Plaintiffs' damages are sufficient to confer jurisdiction
     in the Superior Court.

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 9/26/2020 10:07 AM
Envelope: 2926880
Reviewer: Zoila H

Case 1:21-cv-00040-JJM-LDA   Document 1-1   Filed 01/22/21   Page 26 of 125 PageID #: 60

## COUNT I

8.   Several days prior to November 24, 2017, defendant, Kolh's, alias, and/or Defendant, "Doe" conducted an unusual and extensive advertising campaign in the Southern New England Area, advertising on radio, television, newspapers and sending out handbills advertising the fact that Kolh's store would be open  early with great "Black Friday," bargains on November 24, 2017.

9.   On or about November 24, 2017, Plaintiff, Barbara Ricci, was a business invitee upon Defendants premises, Kolhl's, alias, and/or Defendant, "Doe" (hereinafter "Kohl's"), located at 321 Putnam Pike Ste. A 280 , Smithfield, Rhode Island and at all times herein was in the exercise of due care and caution so as to allow recovery in this matter.

10.  On or about November 24, 2017, Defendant, Kolhl's, by and through its agents, servants and/or employees was under the obligation to maintain the premises located at 321 Putnam Pike Ste. A 280 in Smithfield, Rhode Island in a clean, good, and safe condition for the general public.

11.  Defendant, Kolh's, had a duty to exercise reasonable care to protect invitees such as plaintiff, Barbara Ricci from those risks of which Defendant, Kolh's was actually aware, and from those risks of which Kolh's should have been aware after reasonable inspection.

12.  On November 24, 2017, plaintiff, Barbara "Ricci was on the premises at 321 Putnam Pike Ste. A 280 in Smithfield, Rhode Island, the Kolh's building, plaintiff,  state, that its officers, agents, and employees under the control and supervision of the defendant, Kolh's negligently and carelessly permitted excessive numbers of individuals onto the premises, placing plaintiff and others lawfully upon the premises  in danger of injury from overcrowding.

13.  Defendant, Kolh's, through its officers, agents, servants and employees, was further negligent in failing to control or supervise the conduct of the crowd within the premises. The crowd was unmanageable, and pushed and jostled plaintiff to such an extent that while she was traversing the aisles, she, lost her footing and tripped slipped fell to the floor. Plaintiff, state, defendants, through its officers, agents, and employees, was further negligent in failings to employ more personal to supervise the crowds

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 9/26/2020 10:07 AM
Envelope: 2926869
Reviewer: Zoila G H

1:21-CV-00040-JJM-LDA    Document 3-1  Filed 01/22/21  Page 27 of 125  PageID #: 61

these negligent acts and omissions was a proximate cause of plaintiff's serious injuries.

14. As a direct and proximate result of the defendant's negligence, plaintiff has suffered and will continue to suffer severe physical pain and mental anguish, to plaintiff's damage in an amount within the jurisdictional limits of this court.

15. Defendant knew, or reasonably should have known, that crowds generated by its advertising, and the store would have a number of people of all ages shopping in the store and could result in harm to invitees such as that suffered by plaintiff.

16. Plaintiff's injuries were the proximate result of defendant's breach of its duty owed plaintiff to exercise reasonable care for plaintiff's protection. Defendant breached its duty of care owed plaintiff in the following particulars:

(a) in failing to use special police or security personnel or other appropriate means to keep order in the large crowd at defendant's store on the day of the sale;

(b) in failing to make any effort to prevent the crowd from engaging in dangerous pushing, shoving, and scuffling.

17. As a proximate result of the defendant's negligence, plaintiff has suffered and continues to suffer severe physical pain and mental anguish, to plaintiff's damage in an amount within the jurisdictional limits of this court.

18. As a direct and proximate result of the negligence of the Defendant, Kolhl's, the Plaintiff, Barbara Ricci, sustained severe personal injuries that required medical treatment for pain and suffering, trauma, anxiety, and loss of earning capacity, all of which were proximately caused by the negligence of said Defendant, Kolh's, and/or their agents servants and employees..

WHEREFORE, Plaintiff, Barbara Ricci demands judgment against the Defendant, Kolh's, alias, and/or Defendant, "Doe" plus interest, costs, and attorney fees.

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 9/26/2020 12:07 AM
Envelope: 2826880
Reviewer: Zoila G H

Case 1:21-cv-00040-JJM-LDA   Document 3-1   Filed 01/22/21   Page 28 of 125 PageID #: 63

## COUNT II

19. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 18 of Count I above and repeats the same.

20. On November 24, 2017, Plaintiff, Barbara Ricci, was a business invitee upon the premises owned by the Defendant, Kolhl's, located at 321 Putnam Pike Ste. A 280 in Smithfield, Rhode Island, wherein the Plaintiff, Barbara Ricci, was invited to shop and purchase items from said Defendant, Kolh's, and, while upon said premises, sustained a personal injury.

21. Plaintiff, Barbara Ricci, having anticipated paying adequate consideration as a business invitee, imposes a contract of responsibility on said Defendant, Kolhl's', to maintain the property in a sufficient manner as to imply safety for its intended business invitee and guests.

22. As a result of the Defendant's, Kolhl's, breach of that contractual duty in failing to maintain its property in a reasonable and safe manner, the Plaintiff, Barbara Ricci, incurred medical expenses.

23. Additionally, Plaintiff, Barbara Ricci, sustained consequential damages as a result of the breach of contract by said Defendant, Kolhl's, and requests that she be indemnified accordingly.

WHEREFORE, Plaintiff, Barbara Ricci hereby demands judgment against the Defendant, Kolh's, alias, and/or Defendant, "Doe", on Count II, plus interest and costs.

## COUNT III

24. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 23 of Count I and II above and repeats the same.

25. On or about November 24, 2017, Plaintiff, Barbara Ricci, was a business invitee upon Defendant, Kolhl's, premises wherein the Plaintiff, Barbara Ricci, was invited to purchase items from said Defendant, Kolhl's, and while upon said premises, sustained a personal injury.

26. Plaintiff, having paid consideration as business invitees, impose a contract of responsibility on said Defendant, Kolhl's, to maintain the property in a sufficient manner as to imply safety for its intended business invitee guests, and, further, by its mode of operation, is responsible for such negligence and foreseen conditions on its premises.

27. As a result of the Defendant's, Kohl's, breach of that duly in failing to maintain its property in a reasonable and safe manner, the Plaintiff incurred medical expenses and the loss of love, affection, companionship, society and consortium, all to the detriment of the Plaintiff, and as a result of the Defendant implied agreement to said Plaintiff.

28. Additionally, Plaintiff sustained consequential damages as a result of the breach of contract by said Defendant their agent's servants and employees, requests that they be indemnified accordingly.

WHEREFORE, Plaintiff, Barbara Ricci hereby demand judgment against the Defendants, jointly and severally, plus interest and costs.

COUNT IV

29. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 28 of Count I, Count II and Count III above and repeats the same

30. At all times mentioned in this complaint, defendant maintained, operated, and controlled a store for the retail sale of merchandise, known as Kolh's, located at 321 Putnam Pike Ste. A 280 in Smithfield, Rhode Island, wherein the Plaintiff, Barbara.

31. In the aisles of where the plaintiff was injured, defendant Kolh's maintained certain platforms that mannequin was resting on were placed throughout the store. The platforms holding the mannequin extended into the aisle, creating an obstruction to those passing along the aisle. The platforms were of a similar color and approximately the same shade as were floor covering and the platforms were not attached to the floors beneath them and created an unreasonable risk of injury to those passing along the aisle who would fail to notice the platform or be

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 9/26/2020 10:07 AM
Envelope: 2926889
Reviewer: Zoila G H

distracted by the mannequin would be injured by coming into contact with them.

32.   At all times mentioned in this complaint, defendant knew or in the exercise of reasonable care should have known that the platforms holding the mannequins created an unreasonable risk of injury by their presence, so that patrons of the Kohls store would be surprised after observing other aisles free of such obstructions and the aisle in question often free of the obstructing seats.

33.   On November 24, 2017, plaintiff, Barbara Ricci, an invitee on defendant's premises, while viewing merchandise in the store with the intent to make purchases, walked against one of the carts on wheels holding merchandise that could not be places on the shelves, until a few moments prior to that time, had been free of obstruction. Plaintiff's struck the cart and a platform holding a store mannequin and the elderly plaintiff fell to the floor, sustaining injuries: [describe injuries].

34.   Defendant's negligence in maintaining the nuisance created by the collapsible seats under the circumstances described above without any sign or other device warning of their presence was the proximate cause of plaintiff's injuries.

35.   The injuries to plaintiff were caused solely and proximately by the negligence of defendant, Kolh's their agents, servants, and employees

36.   On or about, November 24, 2017, Defendant, Kolh's, by and through its agents, servants and/or employees were under any obligation to maintain the premises of Kolh's located at 321 Putnam Pike Ste. A 280 in Smithfield, Rhode Island, in a clean, good and safe condition for the general public.

37.   On or about November 24, 2017, Defendant, Kolh's by and through its agents, servants and/or employees was negligent in maintain the premises of Kohl's at 321 Putnam Pike Ste. A 280 in Smithfield, Rhode Island, tin a clean, good and safe condition so as to cause Plaintiff, Barbara Ricci to suffer injures when she tripped over the cart of one of the aisles.

38.   As a direct and proximate result of the negligence of the Defendant, Kohl's the plaintiff, Barbara Ricci, sustained severe personal injuries that required medical treatment

for pain and suffering, trauma anxiety, and loss of earning
capacity all of which were proximately caused by the
negligence of the Defendant, Kohl's.

WHEREFORE, Plaintiff, Barbara Ricci, hereby demands judgment
against the Defendant, Kolh's plus interest and costs.

COUNT V

39.  Plaintiff hereby incorporates by reference each and every
     allegation contained in Paragraphs 1 through 38 of Count I,
     Count II, Count III and Count IV above and repeats the
     same.

40.  On or about November 24, 2017, Defendant, Kolh's a self-
     service establishment, should have reasonably foreseen that
     a dangerous condition could occur anywhere in the store due
     to the product sold in its store.

41.  Plaintiff, Barbara Ricci, entrusted he safety to Defendant,
     Kolh's, and imposes a responsibility on said Defendant,
     Kohl's, to take reasonable precautions necessary to protect
     her form foreseeable conditions that are related to the
     owner's self-service mode of operation.

42.  As a result of not taking reasonable precautions to protect
     the plaintiff, Barbara Ricci, Defendant, Kolh's breached
     their duty to provide a safe shopping environment for
     customers in its tore, and Defendant, Kolh's, is liable for
     the injuries sustained by the plaintiff, Barbara Ricci, on
     November 24, 2017.

43.  As a direct and proximate sures of the negligence of the
     Defendant, Kolh's, the plaintiff, Barbara Ricci, sustained
     severe personal injuries that required medical treatment
     that is ongoing as well as other damages proximately caused
     by the negligence of the said defendant, Kolh's.

44.  Damages are sufficient to confer jurisdiction upon the
     Superior Court.

WHEREFORE, Plaintiff, Barbara Ricci, hereby demands judgment
against the Defendant, Kolh's plus interest and costs.

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 9/26/2020 10:07 AM
Envelope: 2826880
Reviewer: Zoila G H

1:21-CV-00040-JJM-LDA   Document 3-1 Filed 01/20/21 Page 32 of 125 PageID #: 75

Count VI

45.   Plaintiff hereby incorporates by reference each and every
      allegation contained in Paragraphs 1 through 44 of Count I,
      Count II, Count III, Count IV and Count V above and repeats
      the same.

46.   At all times mentioned in this complaint, defendant Kolh's,
      alias, and/or Defendant, "Doe" owned, operated, and
      controlled a certain retail store, known as Kolh's located
      At 321 Putnam Pike Ste. A 280 in Smithfield, Rhode Island.

47.   On November 24, 2017, plaintiff, Barbara Ricci entered
      defendant's store during the regular hours for retail
      customers to inspect and, if desired, to purchase
      defendant's merchandise.

48.   At all times mentioned in this complaint, defendant had the
      duty to maintain the premises in a reasonably safe
      condition for retail customers, including plaintiff, and to
      provide in particular an aisle or other suitable place from
      which the customers, including plaintiff, could view the
      merchandise and make their purchases. In violation of this
      duty, defendant maintained in one of the aisles provided
      for customers a cart and clothing on the floor not readily
      observable by patrons of the store whenever the aisle
      became crowded. Defendant knew or had reason to know that
      this obstruction created an unreasonable risk of injury to
      those patronizing the store and could reasonably foresee
      that a patron, such as plaintiff, would trip and fall over
      the obstruction and be injured as a result.

49.   On the date first mentioned above, while plaintiff
      traversed the above-mentioned aisle with a number of other
      patrons, looking at the merchandise and moving with due
      care to avoid bumping into other patrons, plaintiff tripped
      over clothing and other obstructions in the aisle, fell to
      the floor, and sustained injuries.

50.   Defendant's negligence in failing to provide a reasonably
      safe aisle within which plaintiff might shop, and in
      maintaining the above-described obstruction in the aisle,
      was the proximate cause of plaintiff's injuries.

51.   The above-described injuries to plaintiff were caused
      solely and proximately by the negligence of defendant and

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 9/26/2020 10:07 AM
Envelope: 2826880
Reviewer: Zoila G H

Case 1:21-cv-00040-JJM-LDA Document 3-1 Filed 01/22/21 Page 33 of 25 PageID #: 67

without any contributory negligence on the part of plaintiff.

52. As a direct and proximate sures of the negligence of the Defendant, Kolh's, the plaintiff, Barbara Ricci, sustained severe personal injuries that required medical treatment that is ongoing as well as other damages proximately caused by the negligence of the said defendant, Kolh's.

WHEREFORE, Plaintiff, Barbara Ricci, hereby demands judgment against the Defendant, Kolh's plus interest and costs and such other and further relief as the court deems just and proper.

COUNT VII

53. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 52 as set forth herein.

54. Defendants and their agents, servants and/or employees at all times material herein, owned, operated, managed, controlled, and maintained the premises at 371 Putnam Pike, Ste. A280 Smithfield, Providence County in the State of Rhode Island.

55. Defendants and their agent's servants and employees were responsible for providing security and safety measures for crowd management and control at 371 Putnam Pike, Ste. A280 Smithfield, Providence County in the State of Rhode Island.

56. Defendants their agents, servants and employees had a duty to use reasonable care and specifically an obligation to inspect, repair and reasonably maintain the subject areas, of the premises which it leased, owned, managed, maintained, controlled and/or operated.

57. Defendants failed to inspect and maintain the area in a reasonably safe condition and failed to maintain the premises in a condition fit for its intended and foreseeable use.

58. Defendants failed to remove, inspect, or maintain, and/or place a railing, rope, guardrail, or barriers around the platform so that individuals lawfully upon the premises would not slip trip and fall over an object that was not properly anchored to the floor and easy to move.

59. Defendants failed to warn customers on the premises of the dangerous condition on the premises.

60. Based upon its obligation to inspect and maintain the subject area, Defendants, their agents servants, and employee knew or should have known that the subject area contained or which could not have been discovered by foreseeable users of the subject area through reasonable observation in a crowded store.

61. Defendants knew or should have known that the subject area was open to use by business invitees and guests and encouraged and advertised for customers to be there.

62. Defendants and their agents, servants and employees having caused them to exist through negligent maintenance and inspection of the subject area, failed to remove the hidden danger and failed to warn the public, including Plaintiff.

63. Defendants knew or should have known that the subject area was open to continual and extensive use by the public. Defendants failed to provide adequate security or crowd control and failed to instruct or warn patrons of the danger of the platform.

64. Defendants, having caused the hidden defect to exist through their negligent placement, design, construction, maintenance and inspection of the premises, failed to remove the hidden defect, abate the dangerous conditions, and failed to warn the public, including Plaintiff, Barbara Ricci concerning the hidden defect.

65. As a direct and proximate result of Defendants' failure to use due care in the inspection, repair, maintenance, security, crowd control and warnings regarding the subject area, Plaintiff, Barbara Ricci has sustained severe and permanent injuries and other damages described herein.

WHEREFORE, Plaintiff, Barbara Ricci demands judgment against Defendants, Kohl's, alias, and/or Defendant, "Doe" jointly and severally, on this Count plus interest and costs of this action.


THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS.

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 9/26/2020 12:07 AM
Envelope: 2928880
Reviewer: Zoila G. H

Case 1:21-cv-00040-JJM-LDA    Document 3-1    Filed 01/22/21    Page 35 of 120 PageID #: 79

Plaintiff,
Barbara Ricci
By her Attorney

/s/Wayne G. Resmini, Esq.
Wayne G. Resmini, Esq. #6373
RESMINI LAW LLC
1022 Reservoir Avenue
Cranston, RI 02910
(401) 751-6655 (Phone)
(401) 751-6282 (Facsimile)


Dated: September 1, 2020

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2021 12:07 PM
Envelope: 2924280
Reviewer: Zoila C.

Case 1:21-cv-00040-JMM-LDA Document 2 Filed 01/20/21 Page 36 of 120 PageID #: 471

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

Barbara Ricci
Plaintiff,

v.                                              Case No.: 1:21−cv−00040−JJM−LDA

Kin, Inc., et al.
Defendant.

## CASE OPENING NOTICE − NOTICE OF REMOVAL FROM STATE COURT

The above−captioned case has been removed pursuant to 28 U.S.C. § 1441. The above case number and caption should be used on all papers subsequently submitted to this Court. Any motion pending with the state court at the time of the removal must be refiled with this Court for consideration.

Within 14 days after filing the notice of removal, the defendant(s) filing the notice of removal shall do whatever is necessary to enable the clerk of the state court to assemble and electronically transmit a certified copy of the docket sheet and all documents filed in the case being removed.

It is the responsibility of the defendant(s) to ensure that the state court record is filed with the Court. The clerk of the state court will not electronically transmit the record until the defendant(s) provide written notice to all adverse parties and file a copy of such notice with the clerk of the state court in accordance with 28 U.S.C. § 1446(d).

Pursuant to LR Gen 201(b)(3), an attorney who is a member of the bar of the Rhode Island Supreme Court, and who represents a party in a case removed pursuant to 28 U.S.C. § 1441 *et seq* other than a party joining in the removal request, may appear and practice in this Court in that case, unless that attorney has been suspended or disbarred as a member of the bar of this Court.

Attorneys who are not members of the bar of this Court but who are permitted to appear and practice in this Court pursuant to the provisions of LR Gen 201(b)(3) must register as a Filing User and file documents electronically using the Court's Case Management/Electronic Case Files ("CM/ECF") system by completing the Electronic Filing Registration Form.

Dockets, opinions, rules forms, the court calendar and general notices can be obtained from the Courtr's website at www.rid.uscourts.gov. Parties should specifically review the notice(s) listed below:

Notice of Electronic Availability of Case Information

Notice to Counsel and *Pro Se* Litigants

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2021 12:07 PM
Envelope: 2924280
Reviewer: Zoila C.

If you wish to inquire about your case by telephone, please contact the case manager at the direct extension listed below.

January 20, 2021                                    Hanorah Tyer–Witek, Clerk of Court


U.S. District Court
for the District of Rhode Island
One Exchange Terrace
Providence, RI 02903
Case Manager: Barbara Barletta 401–752–7202

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2021 12:07 PM
Envelope: 2924280
Reviewer: Zoila C.

1:21-CV-00040-JJM-LDA   Document 3   Filed 01/20/21   Page 38 of 120 PageID #: 73

STATE OF RHODE ISLAND                                    SUPERIOR COURT
PROVIDENCE, SC


BARBARA RICCI

      Plaintiff

                                  C.A. NO. PC-2020-06487

v.

KIN, INC., alias, KOHL's DEPARTMENT
STORES, INC., alias, KOHL's INC., alias,
KOHL's INC, alias, KOHLS OF ILLINOIS,
alias, and DOE 1 THRU 4, INCLUSIVE

      Defendants


## DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT

**PLEASE TAKE NOTICE** that on January 20, 2021, the above-captioned action was

removed to the United States District Court for the District of Rhode Island pursuant to Title 28

United States Code §§ 1331 and 1367.  A copy of said Notice of Removal is attached hereto in

accordance with 28 U.S.C. § 1446(d) as **Exhibit A**.


                                  The Defendants,
                                  By Their Attorneys,

                                  MORRISON MAHONEY LLP

                                  */s/ Amy B. Yarbro*
                                  Amy B. Yarbro, #8999
                                  ayarbro@morrisonmahoney.com
                                  250 Summer Street
                                  Boston, MA 02210-1181
                                  Phone:    617-439-7500
                                  Fax:      617-342-4918

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2021 12:07 PM
Envelope: 2924280
Reviewer: Zoila C.

Case 1:21-cv-00040-JJM-LDA   Document 3   Filed 01/20/21   Page 39 of 120 PageID #: 74

## <u>CERTIFICATION</u>

I hereby certify that this document filed through the Odyssey File & Serve System will be sent

electronically to the registered participants as identified on the Case Service Contacts List and/or

paper copies will be sent to those, postage pre-paid, indicated as non-registered participants or

participants as listed below this 20th day of January, 2021.

Wayne G. Resmini, Esq.
Resmini Law LLC
1022 Reservoir Avenue
Cranston, RI 02910

*/s/ Amy B. Yarbro, Esq.*

_____

2

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2021 10:25 AM
Envelope: 2923840
Reviewer: Rachel J.

Case 1:21-cv-00049-JJM-LDA   Document 1-1   Filed 01/20/21   Page 40 of 120 PageID #: 375

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Barbara Ricci

## DEFENDANTS

KIN, Inc, Kohl's Department Stores, Inc., Kohl's, Inc., and Kohls of IL

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Waukesha (Wisconsin)
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Wayne G. Resmini, Esq., Resmini Law LLC, 1022 Reservoir Avenue, Cranston, RI 02910, 401-751-6655

Attorneys *(If Known)*

Amy B. Yarbro, Esq., Morrison Mahoney LLP, 250 Summer Street, Boston, MA 02210, 617-439-7500

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332, 1441

Brief description of cause:
civil suit, diversity jurisdiction

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
1,750,000.00

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                                 DOCKET NUMBER

DATE
01/20/2021

SIGNATURE OF ATTORNEY OF RECORD
/s/Amy B. Yarbro

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

| Print | Save As... | | Reset |
|---|---|---|---|

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2021 10:25 AM
Envelope: 2923840
Reviewer: Rachel L.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

BARBARA RICCI

     Plaintiff

     vs.

KIN, INC, alias KOHL'S DEPARTMENT
STORES, INC., alias, KOHL'S INC., alias,
KOHL'S INC., alias, KOHLS OF
ILLINOIS, alias, and DOE 1 THRU 4,
INCLUSIVE

     Defendants

C.A. NO.

## **DEFENDANTS' NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1446(a) and Local Rule Cv 81, the defendants, KIN, Inc., Kohl's

Department Stores, Inc., Kohl's, Inc., and Kohls of Illinois (misnamed) (collectively, "the Kohl's

Defendants"), hereby give notice of their removal of this action from the Providence/Bristol

County Superior Court of Rhode Island to the United States District Court for the District of Rhode

Island.  In support of this Notice, the Kohl's Defendants respectfully state as follows:

### **BACKGROUND**

1.    By Summons and Complaint, plaintiff Barbara Ricci ("Ms. Ricci" or "Plaintiff")

commenced a civil action against the Kohl's Defendants in Providence/Bristol County Superior

Court entitled Barbara Ricci v. KIN, Inc., alias Kohl's Department Stores, Inc., alias, Kohl's Inc.,

alias, Kohl's Inc., alias, Kohls Of Illinois, alias, and Doe 1 Thru 4, Inclusive, C.A. No. PC-2020-

06487 ("the Superior Court Action").  True and complete copies of the Summons and Complaint

that the Plaintiff caused to be served upon the Kohl's Defendants are attached as **Exhibit A.**

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2021 10:25 AM
Envelope: 2923840
Reviewer: Rachel L.

2.      Defendants were served with the Summons and Complaint in the Superior Court action on October 19, 2020 and filed their answer on December 21, 2020. The instant Notice of Removal is being filed within 30 days of the date of the Kohl's Defendants' Answers, as it became apparent that removal was appropriate in accordance with 28 U.S.C. § 1446(b)(3).

3.      This removal is timely under 28 U.S.C. § 1446(c) despite Plaintiff naming purported non-diverse defendants– the "Does" doing business in Providence. See **Exhibit A**, ¶ 2-6.  There is no reasonable possibility that the state's highest court would find that the Complaint stated a cause of action upon which relief may be granted against the individual "Doe" defendants.  Universal Truck & Equip. Co. v. Southworth-Milton, Inc., 765 F.3d 103, 108 (1st Cir. 2014).

4.      A Notice of Filing of Notice of Removal shall be promptly filed by the defendants with the Providence County Superior Court. 28 U.S.C. § 1446(d).

5.      The Superior Court Action is a suit of a wholly civil nature brought in the Superior Court of the State of Rhode Island, in and for Providence County.  The United States District Court for the District of Rhode Island is therefore the proper forum and venue to which this action may be removed under the provisions of 28 U.S.C. §§ 101 and 1441(a).

6.      This Court has original jurisdiction to entertain this action because the only parties to this case are citizens of different states and because the plaintiff claims that her potential damages exceed the sum of $75,000, exclusive of interest and costs.  28 U.S.C., §§ 1332(a)(1), 1441(a). Removal of this action is not prohibited by 28 U.S.C. § 1445.

7.      With respect to the amount in controversy, the plaintiff has made a demand for "policy limits," which amount to $1,750,000.

8.      With respect to diversity of citizenship, the plaintiff is a resident of North Providence, Rhode Island, County of Providence.

9. Defendant KIN, Inc., is a Wisconsin corporation having its principal place of business in Menomonee Falls, Wisconsin, County of Waukesha.

10. Defendant Kohl's, Inc., is Wisconsin corporation having its principal place of business in Menomonee Falls, Wisconsin, County of Waukesha.

11. Defendant Kohl's Department Stores, Inc., is Wisconsin corporation having its principal place of business in Menomonee Falls, Wisconsin, County of Waukesha.

12. Defendant Kohls of Illinois (misnamed) is Wisconsin corporation having its principal place of business in Menomonee Falls, Wisconsin, County of Waukesha.

13. This Notice of Removal is being filed in the District of Rhode Island, the District Court of the United States for the district and division within which the Superior Court action is pending. 28 U.S.C. § 1446(a).

WHEREFORE, Defendants respectfully request that the Superior Court action be removed and herein proceed in the United States District Court for the District of Rhode Island.

The Defendants,
KIN Inc., Kohl's Department Stores, Inc.,
Kohl's, Inc., and Kohls of Illinois
(misnamed),

By Their Attorneys,


/s/ Amy B. Yarbro
Amy B. Yarbro, #8999
ayarbro@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Phone:    617-439-7500
Fax:       617-342-4918

3

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2021 10:25 AM
Envelope: 2923840
Reviewer: Rachel L.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the

registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will

be sent to those indicated as non-registered participants, as listed below, on January 20, 2021.

Wayne G. Resmini, Esq.
Resmini Law LLC
1022 Reservoir Avenue
Cranston, RI 02910


 /s/ *Amy B. Yarbro*

4

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2021 10:25 AM
Envelope: 2923840
Reviewer: Rachel L.

# EXHIBIT "A"

1570232



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| | **Civil Action File Number** |
| | PC-2020-06487 |
| **Plaintiff** | **Attorney for the Plaintiff or the Plaintiff** |
| Barbara Ricci | Wayne Resmini |
| v. | **Address of the Plaintiff's Attorney or the Plaintiff** |
| Kohl's, Inc. et al. | 1022 RESERVOIR AVENUE |
| **Defendant** | CRANSTON RI  02910 |
| Licht Judicial Complex | **Address of the Defendant** |
| Providence/Bristol County | c/o AFS Corporate Creations Network Inc |
| 250 Benefit Street | 10 Dorrance Street Suite 700 |
| Providence RI  02903 | Providence RI  02903 |
| (401) 222-3250 | |

**TO THE DEFENDANT, Kin, Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 9/16/2020. | /s/ Henry Kinch |
| | Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

 

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# SUPERIOR COURT

| **Plaintiff**<br>Barbara Ricci<br>v.<br>Kohl's, Inc. et al.<br>**Defendant** | **Civil Action File Number**<br>PC-2020-06487 |
| --- | --- |

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Kin, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

---

Page 1 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 10/27/2020 10:33 AM
Envelope: 2829890
Reviewer: Rachel H

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 10/20/2021
Envelope: 2829890
Reviewer: Rachel H



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.

Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.

Name of person and designation _____

☑ By delivering said papers to an agent authorized by appointment or by law to receive service of process.

Name of authorized agent ___*Corporate Creations Network, Inc.*___

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

SERVICE DATE: *10 / 19 / 2020  343 pm*   SERVICE FEE $ *45⁰⁰*

Month   Day   Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

Signature

HAROLD W. OUIMETTE
R.I. CONSTABLE #6129

*SC #437*

State of _____

County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 10/27/2020 10:33 AM
Envelope: 2829890
Reviewer: Rachel H



STATE OF RHODE ISLAND AND    Justice Independence Honor    PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2020-06487 |
| **Plaintiff**<br>Barbara Ricci<br>   v.<br>Kohl's, Inc. et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Wayne Resmini |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>1022 RESERVOIR AVENUE<br>CRANSTON RI 02910 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | **Address of the Defendant**<br>c/o AFS Corporate Creations Network Inc<br>10 Dorrance Street Suite 700<br>Providence RI 02903 |

**TO THE DEFENDANT, Kohl's Department Stores, Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 9/16/2020. | /s/ Henry Kinch<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 10/27/2020 10:35 AM
Envelope: 2829890
Reviewer: Rachel H

Case 1:21-CV-00040-JJM-LDA   Document 3-1 Filed 01/20/2021 Page 16 of 125 PageID #: 86

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| Plaintiff | Civil Action File Number |
|---|---|
| Barbara Ricci | PC-2020-06487 |
| v. | |
| Kohl's, Inc. et al. | |
| **Defendant** | |

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Kohl's Department Stores, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 10/27/2020 10:39 AM
Envelope: 2829890
Reviewer: Rachel H

Case 1:21-cv-00040-JJM-LDA   Document 3-1   Filed 01/22/21   Page 27 of 125 PageID #: 87

STATE OF RHODE ISLAND AND    PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.

Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.

Name of person and designation _____

☑ By delivering said papers to an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _Corporate Creations Network, Inc_

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

SERVICE DATE: _10/19/2020_    SERVICE FEE $ _45⁰⁰_
         Month   Day   Year  _343pm_

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

Signature

HAROLD W. OUIMETTE
R.I. CONSTABLE #6129
_Sc #13)_

State of _____

County of _____

On this _____ day of _____, 20___, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 10/27/2020 9:39 AM
Envelope: 2829890
Reviewer: Rachel H.



STATE OF RHODE ISLAND AND     PROVIDENCE PLANTATIONS

## SUPERIOR COURT

### SUMMONS

| | Civil Action File Number |
| --- | --- |
| | PC-2020-06487 |
| **Plaintiff**<br>Barbara Ricci<br>v.<br>Kohl's, Inc. et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Wayne Resmini |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>1022 RESERVOIR AVENUE<br>CRANSTON RI 02910 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | **Address of the Defendant**<br>c/o AFS Corporate Creations Network Inc<br>10 Dorrance Street<br>Providence RI 02903 |

**TO THE DEFENDANT, Kohl's, Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 9/16/2020. | /s/ Henry Kinch<br>Clerk |
| --- | --- |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 10/27/2020 6:39 AM
Envelope: 2829890
Reviewer: Rachel H

Case 1:21-cv-00040-JJM-LDA   Document 3-1   Filed 01/22/21   Page 54 of 120 PageID #: 89



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| Plaintiff<br>Barbara Ricci<br>v.<br>Kohl's, Inc. et al.<br>**Defendant** | **Civil Action File Number**<br>PC-2020-06487 |
| --- | --- |

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Kohl's, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

---

Page 1 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 10/27/2020 10:33 AM
Envelope: 2829800
Reviewer: Rachel H

Case 1:21-cv-00040-JJM-LDA Document 3-1 Filed 01/20/21 Page 55 of 125 PageID #: 94



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.

Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.

Name of person and designation _____

☑ By delivering said papers to an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____Corporate Creations Network Inc_____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

SERVICE DATE: _10 19 2020_ _343 PM_    SERVICE FEE $ _45 00_

Month   Day   Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

Signature

State of _____

County of _____

HAROLD W. OUIMETTE
R.I. CONSTABLE #6129
SC#137

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

Case 1:21-cv-00040-JJM-LDA   Document 1-1 Filed 01/20/21 Page 56 of 25 PageID #: 91



STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

### SUMMONS

| | Civil Action File Number |
| --- | --- |
| | PC-2020-06487 |
| **Plaintiff** | **Attorney for the Plaintiff or the Plaintiff** |
| Barbara Ricci | Wayne Resmini |
| v. | **Address of the Plaintiff's Attorney or the Plaintiff** |
| Kohl's, Inc. et al. | 1022 RESERVOIR AVENUE |
| **Defendant** | CRANSTON RI 02910 |
| Licht Judicial Complex | **Address of the Defendant** |
| Providence/Bristol County | c/o AFS Corporate Creations Network Inc |
| 250 Benefit Street | 10 Dorrance Street Suite 700 |
| Providence RI 02903 | Providence RI 02903 |
| (401) 222-3250 | |

**TO THE DEFENDANT, Kohl's of Illinois, Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 9/16/2020. | /s/ Henry Kinch |
| --- | --- |
| | Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

 

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| Plaintiff<br>Barbara Ricci<br>v.<br>Kohl's, Inc. et al.<br>**Defendant** | **Civil Action File Number**<br>PC-2020-06487 |
| --- | --- |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Kohl's of Illinois, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

Case 1:21-cv-00040-JJM-LDA Document 3-1 Filed 01/20/21 Page 58 of 125 PageID #: 93



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.

Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.

Name of person and designation _____

☑ By delivering said papers to an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____ Corporate Creation Network Inc _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

SERVICE DATE: _10_/_19_/_2020_  _343PM_    SERVICE FEE $ _45⁰⁰_

     Month  Day  Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

 Signature

State of _____

County of _____

    HAROLD W. OUIMETTE
    R.I. CONSTABLE #6129
    Sc #137

    On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

            Notary Public: _____

            My commission expires: _____

            Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

Regus Desi Dispatch

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 9/26/2020 10:25 AM
Envelope: 2925880
Reviewer: Rachel H

Case 1:21-cv-00040-JJM-LDA   Document 3-1 Filed 01/20/21 Page 59 of 125 PageID #: 94

STATE OF RHODE ISLAND                    SUPERIOR COURT
PROVIDENCE, SC.

| | |
|---|---|
| Barbara Ricci | ) |
|     Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) C.A. NO. PC 2020-_____ |
| Kin, Inc, alias | ) |
| Kohl's Department Stores, | ) |
| Inc., alias, Kohl's Inc., | ) |
| alias, Kohl's Inc., alias, | ) |
| Kohls of Illinois, alias, & | ) |
| Doe 1 Thru Doe 4, Inclusive | ) |
|     Defendants, | ) |

### *COMPLAINT*

1.   The plaintiff, Barbara Ricci is an individual that is a
     resident of North Providence, Rhode Island.

2.   Upon information and belief, Defendant, Kohl's, Inc.,
     alias, and/or Defendant "Doe", aka Defendant, Kohl's
     Department Stores, Inc., alias,  Defendant, "Doe"
     (hereinafter, "Kohl's") is a foreign corporation with a
     business address of N56 W17000 Ridgewood Drive in Menomonee
     Falls, WI 53051 with a licensed to do business address in
     the State of Rhode Island. Upon information and belief, the
     Defendant, Kohl's, alias, and/or Defendant, "Doe" is doing
     business at 321 Putnam Pike, Ste A280 in Smithfield, Rhode
     Island. The agent for service of process is Corporate
     Creations Network, Inc., 10 Dorrance Street in Providence,
     Rhode Island  02903.

3.   Upon information and belief, Defendant, Kin, Inc., alias,
     and/or Defendant "Doe", aka Defendant, Kohl's Inc., alias,
     Defendant, "Doe" (hereinafter, "Kohl's") is a foreign
     corporation with a business address of N56 W17000 Ridgewood
     Drive in Menomonee Falls, WI 53051 with a licensed to do
     business address in the State of Rhode Island. Upon
     information and belief, the Defendant, Kohl's, alias,
     and/or Defendant, "Doe" is doing business at 321 Putnam
     Pike, Ste A280 in Smithfield, Rhode Island. The agent for
     service of process is Corporate Creations Network, Inc., 10
     Dorrance Street, Ste. 700 in Providence, Rhode Island
     02903.

4.     Upon information and belief, Defendant, Kohl's Illinois,
       Inc., alias, Defendant, "Doe" (hereinafter, "Kohl's") is a
       foreign corporation with a business address of N56 W17000
       Ridgewood Drive in Menomonee Falls, WI 53051 with a
       licensed to do business address in the State of Rhode
       Island. Upon information and belief, the Defendant, Kohl's,
       alias, and/or Defendant, "Doe" is doing business at 321
       Putnam Pike, Ste A280 in Smithfield, Rhode Island. The
       agent for service of process is Corporate Creations
       Network, Inc., 10 Dorrance Street, Ste. 700 in Providence,
       Rhode Island 02903.

5.     Upon information and belief, Defendant, Kolh's Department
       Stores, Inc., alias, and/or Defendant "Doe", aka Defendant,
       Kohl's Inc., alias, Defendant, "Doe" (hereinafter,
       "Kohl's") is a foreign corporation with a business address
       of N56 W17000 Ridgewood Drive in Menomonee Falls, WI 53051
       with a licensed to do business address in the State of
       Rhode Island. Upon information and belief, the Defendant,
       Kohl's, alias, and/or Defendant, "Doe" is doing business at
       321 Putnam Pike, Ste A280 in Smithfield, Rhode Island. The
       agent for service of process is Corporate Creations
       Network, Inc., 10 Dorrance Street, Ste. 700 in Providence,
       Rhode Island 02903.

6.     Upon information and belief, defendant, Doe 1 Thru Doe 4,
       Inclusive, (hereinafter, "Doe" the true names and
       capacities whether Individual, corporate, or otherwise, of
       the named herein as Doe 1 thru Doe 4, Inclusive, are
       unknown to the plaintiffs at the present time, the
       plaintiffs sue said Doe defendants by such fictitious
       names. Plaintiffs informed and believed and therefore
       alleged that each of the defendant designated herein by
       fictitious names are in some manner responsible for the
       events a happening herein referred to, and caused the
       damages proximate and foreseeable hereby to the plaintiffs
       as hereinafter alleged. Plaintiffs will ask leave of the
       Court amend this complaint when the true names and
       capacities of the "Doe" defendant(s) have been ascertained.

7.     Plaintiffs' damages are sufficient to confer jurisdiction
       in the Superior Court.

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 9/26/2020 10:25 AM
Envelope: 2825860
Reviewer: Rachel H

1:21-CV-00040-JJM-LDA    Document 3-1 Filed 01/22/21 Page 61 of 125 PageID #: 96

## COUNT I

8.    Several days prior to November 24, 2017, defendant, Kolh's,
      alias, and/or Defendant, "Doe" conducted an unusual and
      extensive advertising campaign in the Southern New England
      Area,  advertising on radio, television, newspapers and
      sending out handbills advertising the fact that Kolh's
      store would be open  early with great "Black Friday,"
      bargains on November 24, 2017.

9.    On or about November 24, 2017, Plaintiff, Barbara Ricci,
      was a business invitee upon Defendants premises, Kolhl's,
      alias, and/or Defendant, "Doe" (hereinafter "Kohl's"),
      located at 321 Putnam Pike Ste. A 280 , Smithfield, Rhode
      Island and at all times herein was in the exercise of due
      care and caution so as to allow recovery in this matter.

10.   On or about November 24, 2017, Defendant, Kolhl's, by and
      through its agents, servants and/or employees was under the
      obligation to maintain the premises located at 321 Putnam
      Pike Ste. A 280 in Smithfield, Rhode Island in a clean,
      good, and safe condition for the general public.

11.   Defendant, Kolh's, had a duty to exercise reasonable care
      to protect invitees such as plaintiff, Barbara Ricci from
      those risks of which Defendant, Kolh's was actually aware,
      and from those risks of which Kolh's should have been aware
      after reasonable inspection.

12.   On November 24, 2017, plaintiff, Barbara "Ricci was on the
      premises at 321 Putnam Pike Ste. A 280 in Smithfield, Rhode
      Island, the Kolh's building, plaintiff,  state, that its
      officers, agents, and employees under the control and
      supervision of the defendant, Kolh's negligently and
      carelessly permitted excessive numbers of individuals onto
      the premises, placing plaintiff and others lawfully upon
      the premises  in danger of injury from overcrowding.

13.   Defendant, Kolh's, through its officers, agents, servants
      and employees, was further negligent in failing to control
      or supervise the conduct of the crowd within the premises.
      The crowd was unmanageable, and pushed and jostled
      plaintiff to such an extent that while she was traversing
      the aisles, she, lost her footing and tripped slipped fell
      to the floor. Plaintiff, state, defendants, through its
      officers, agents, and employees, was further negligent in
      failings to employ more personal to supervise the crowds

these negligent acts and omissions was a proximate cause of plaintiff's serious injuries.

14. As a direct and proximate result of the defendant's negligence, plaintiff has suffered and will continue to suffer severe physical pain and mental anguish, to plaintiff's damage in an amount within the jurisdictional limits of this court.

15. Defendant knew, or reasonably should have known, that crowds generated by its advertising, and the store would have a number of people of all ages shopping in the store and could result in harm to invitees such as that suffered by plaintiff.

16. Plaintiff's injuries were the proximate result of defendant's breach of its duty owed plaintiff to exercise reasonable care for plaintiff's protection. Defendant breached its duty of care owed plaintiff in the following particulars:

    (a) in failing to use special police or security personnel or other appropriate means to keep order in the large crowd at defendant's store on the day of the sale;

    (b) in failing to make any effort to prevent the crowd from engaging in dangerous pushing, shoving, and scuffling.

17. As a proximate result of the defendant's negligence, plaintiff has suffered and continues to suffer severe physical pain and mental anguish, to plaintiff's damage in an amount within the jurisdictional limits of this court.

18. As a direct and proximate result of the negligence of the Defendant, Kolhl's, the Plaintiff, Barbara Ricci, sustained severe personal injuries that required medical treatment for pain and suffering, trauma, anxiety, and loss of earning capacity, all of which were proximately caused by the negligence of said Defendant, Kolh's, and/or their agents servants and employees..

WHEREFORE, Plaintiff, Barbara Ricci demands judgment against the Defendant, Kolh's, alias, and/or Defendant, "Doe" plus interest, costs, and attorney fees.

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 9/28/2020 10:25 AM
Envelope: 2925889
Reviewer: Rachel H

Case 1:21-cv-00040-JJM-LDA Document 3-1 Filed 01/22/21 Page 63 of 125 PageID #: 92

COUNT II

19. Plaintiff hereby incorporates by reference each and every
allegation contained in Paragraphs 1 through 18 of Count I
above and repeats the same.

20. On November 24, 2017, Plaintiff, Barbara Ricci, was a
business invitee upon the premises owned by the Defendant,
Kolhl's, located at 321 Putnam Pike Ste. A 280 in
Smithfield, Rhode Island, wherein the Plaintiff, Barbara
Ricci, was invited to shop and purchase items from said
Defendant, Kolh's, and, while upon said premises, sustained
a personal injury.

21. Plaintiff, Barbara Ricci, having anticipated paying
adequate consideration as a business invitee, imposes a
contract of responsibility on said Defendant, Kolhl's', to
maintain the property in a sufficient manner as to imply
safety for its intended business invitee and guests.

22. As a result of the Defendant's, Kolhl's, breach of that
contractual duty in failing to maintain its property in a
reasonable and safe manner, the Plaintiff, Barbara Ricci,
incurred medical expenses.

23. Additionally, Plaintiff, Barbara Ricci, sustained
consequential damages as a result of the breach of contract
by said Defendant, Kolhl's, and requests that she be
indemnified accordingly.

WHEREFORE, Plaintiff, Barbara Ricci hereby demands judgment
against the Defendant, Kolh's, alias, and/or Defendant, "Doe",
on Count II, plus interest and costs.

COUNT III

24. Plaintiff hereby incorporates by reference each and every
allegation contained in Paragraphs 1 through 23 of Count I
and II above and repeats the same.

25. On or about November 24, 2017, Plaintiff, Barbara Ricci,
was a business invitee upon Defendant, Kolhl's, premises
wherein the Plaintiff, Barbara Ricci, was invited to
purchase items from said Defendant, Kolhl's, and while upon
said premises, sustained a personal injury.

26. Plaintiff, having paid consideration as business invitees, impose a contract of responsibility on said Defendant, Kolhl's, to maintain the property in a sufficient manner as to imply safety for its intended business invitee guests, and, further, by its mode of operation, is responsible for such negligence and foreseen conditions on its premises.

27. As a result of the Defendant's, Kohl's, breach of that duly in failing to maintain its property in a reasonable and safe manner, the Plaintiff incurred medical expenses and the loss of love, affection, companionship, society and consortium, all to the detriment of the Plaintiff, and as a result of the Defendant implied agreement to said Plaintiff.

28. Additionally, Plaintiff sustained consequential damages as a result of the breach of contract by said Defendant their agent's servants and employees, requests that they be indemnified accordingly.

WHEREFORE, Plaintiff, Barbara Ricci hereby demand judgment against the Defendants, jointly and severally, plus interest and costs.

COUNT IV

29. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 28 of Count I, Count II and Count III above and repeats the same

30. At all times mentioned in this complaint, defendant maintained, operated, and controlled a store for the retail sale of merchandise, known as Kolh's, located at 321 Putnam Pike Ste. A 280 in Smithfield, Rhode Island, wherein the Plaintiff, Barbara.

31. In the aisles of where the plaintiff was injured, defendant Kolh's maintained certain platforms that mannequin was resting on were placed throughout the store. The platforms holding the mannequin extended into the aisle, creating an obstruction to those passing along the aisle. The platforms were of a similar color and approximately the same shade as were floor covering and the platforms were not attached to the floors beneath them and created an unreasonable risk of injury to those passing along the aisle who would fail to notice the platform or be

distracted by the mannequin would be injured by coming into contact with them.

32. At all times mentioned in this complaint, defendant knew or in the exercise of reasonable care should have known that the platforms holding the mannequins created an unreasonable risk of injury by their presence, so that patrons of the Kohls store would be surprised after observing other aisles free of such obstructions and the aisle in question often free of the obstructing seats.

33. On November 24, 2017, plaintiff, Barbara Ricci, an invitee on defendant's premises, while viewing merchandise in the store with the intent to make purchases, walked against one of the carts on wheels holding merchandise that could not be places on the shelves, until a few moments prior to that time, had been free of obstruction. Plaintiff's struck the cart and a platform holding a store mannequin and the elderly plaintiff fell to the floor, sustaining injuries: [describe injuries].

34. Defendant's negligence in maintaining the nuisance created by the collapsible seats under the circumstances described above without any sign or other device warning of their presence was the proximate cause of plaintiff's injuries.

35. The injuries to plaintiff were caused solely and proximately by the negligence of defendant, Kolh's their agents, servants, and employees

36. On or about, November 24, 2017, Defendant, Kolh's, by and through its agents, servants and/or employees were under any obligation to maintain the premises of Kolh's located at 321 Putnam Pike Ste. A 280 in Smithfield, Rhode Island, in a clean, good and safe condition for the general public.

37. On or about November 24, 2017, Defendant, Kolh's by and through its agents, servants and/or employees was negligent in maintain the premises of Kohl's at 321 Putnam Pike Ste. A 280 in Smithfield, Rhode Island, tin a clean, good and safe condition so as to cause Plaintiff, Barbara Ricci to suffer injures when she tripped over the cart of one of the aisles.

38. As a direct and proximate result of the negligence of the Defendant, Kohl's the plaintiff, Barbara Ricci, sustained severe personal injuries that required medical treatment

for pain and suffering, trauma anxiety, and loss of earning capacity all of which were proximately caused by the negligence of the Defendant, Kohl's.

WHEREFORE, Plaintiff, Barbara Ricci, hereby demands judgment against the Defendant, Kolh's plus interest and costs.

COUNT V

39. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 38 of Count I, Count II, Count III and Count IV above and repeats the same.

40. On or about November 24, 2017, Defendant, Kolh's a self-service establishment, should have reasonably foreseen that a dangerous condition could occur anywhere in the store due to the product sold in its store.

41. Plaintiff, Barbara Ricci, entrusted he safety to Defendant, Kolh's, and imposes a responsibility on said Defendant, Kohl's, to take reasonable precautions necessary to protect her form foreseeable conditions that are related to the owner's self-service mode of operation.

42. As a result of not taking reasonable precautions to protect the plaintiff, Barbara Ricci, Defendant, Kolh's breached their duty to provide a safe shopping environment for customers in its tore, and Defendant, Kolh's, is liable for the injuries sustained by the plaintiff, Barbara Ricci, on November 24, 2017.

43. As a direct and proximate sures of the negligence of the Defendant, Kolh's, the plaintiff, Barbara Ricci, sustained severe personal injuries that required medical treatment that is ongoing as well as other damages proximately caused by the negligence of the said defendant, Kolh's.

44. Damages are sufficient to confer jurisdiction upon the Superior Court.

WHEREFORE, Plaintiff, Barbara Ricci, hereby demands judgment against the Defendant, Kolh's plus interest and costs.

Count VI

45. Plaintiff hereby incorporates by reference each and every
allegation contained in Paragraphs 1 through 44 of Count I,
Count II, Count III, Count IV and Count V above and repeats
the same.

46. At all times mentioned in this complaint, defendant Kolh's,
alias, and/or Defendant, "Doe" owned, operated, and
controlled a certain retail store, known as Kolh's located
At 321 Putnam Pike Ste. A 280 in Smithfield, Rhode Island.

47. On November 24, 2017, plaintiff, Barbara Ricci entered
defendant's store during the regular hours for retail
customers to inspect and, if desired, to purchase
defendant's merchandise.

48. At all times mentioned in this complaint, defendant had the
duty to maintain the premises in a reasonably safe
condition for retail customers, including plaintiff, and to
provide in particular an aisle or other suitable place from
which the customers, including plaintiff, could view the
merchandise and make their purchases. In violation of this
duty, defendant maintained in one of the aisles provided
for customers a cart and clothing on the floor not readily
observable by patrons of the store whenever the aisle
became crowded. Defendant knew or had reason to know that
this obstruction created an unreasonable risk of injury to
those patronizing the store and could reasonably foresee
that a patron, such as plaintiff, would trip and fall over
the obstruction and be injured as a result.

49. On the date first mentioned above, while plaintiff
traversed the above-mentioned aisle with a number of other
patrons, looking at the merchandise and moving with due
care to avoid bumping into other patrons, plaintiff tripped
over clothing and other obstructions in the aisle, fell to
the floor, and sustained injuries.

50. Defendant's negligence in failing to provide a reasonably
safe aisle within which plaintiff might shop, and in
maintaining the above-described obstruction in the aisle,
was the proximate cause of plaintiff's injuries.

51. The above-described injuries to plaintiff were caused
solely and proximately by the negligence of defendant and

without any contributory negligence on the part of
plaintiff.

52. As a direct and proximate sures of the negligence of the
Defendant, Kolh's, the plaintiff, Barbara Ricci, sustained
severe personal injuries that required medical treatment
that is ongoing as well as other damages proximately caused
by the negligence of the said defendant, Kolh's.

WHEREFORE, Plaintiff, Barbara Ricci, hereby demands judgment
against the Defendant, Kolh's plus interest and costs and such
other and further relief as the court deems just and proper.

COUNT VII

53. Plaintiff hereby incorporates by reference the allegations
of paragraphs 1 through 52 as set forth herein.

54. Defendants and their agents, servants and/or employees at
all times material herein, owned, operated, managed,
controlled, and maintained the premises at 371 Putnam Pike,
Ste. A280 Smithfield, Providence County in the State of
Rhode Island.

55. Defendants and their agent's servants and employees were
responsible for providing security and safety measures for
crowd management and control at 371 Putnam Pike, Ste. A280
Smithfield, Providence County in the State of Rhode Island.

56. Defendants their agents, servants and employees had a duty
to use reasonable care and specifically an obligation to
inspect, repair and reasonably maintain the subject areas,
of the premises which it leased, owned, managed,
maintained, controlled and/or operated.

57. Defendants failed to inspect and maintain the area in a
reasonably safe condition and failed to maintain the
premises in a condition fit for its intended and
foreseeable use.

58. Defendants failed to remove, inspect, or maintain, and/or
place a railing, rope, guardrail, or barriers around the
platform so that individuals lawfully upon the premises
would not slip trip and fall over an object that was not
properly anchored to the floor and easy to move.

59.  Defendants failed to warn customers on the premises of the dangerous condition on the premises.

60.  Based upon its obligation to inspect and maintain the subject area, Defendants, their agents servants, and employee knew or should have known that the subject area contained or which could not have been discovered by foreseeable users of the subject area through reasonable observation in a crowded store.

61.  Defendants knew or should have known that the subject area was open to use by business invitees and guests and encouraged and advertised for customers to be there.

62.  Defendants and their agents, servants and employees having caused them to exist through negligent maintenance and inspection of the subject area, failed to remove the hidden danger and failed to warn the public, including Plaintiff.

63.  Defendants knew or should have known that the subject area was open to continual and extensive use by the public. Defendants failed to provide adequate security or crowd control and failed to instruct or warn patrons of the danger of the platform.

64.  Defendants, having caused the hidden defect to exist through their negligent placement, design, construction, maintenance and inspection of the premises, failed to remove the hidden defect, abate the dangerous conditions, and failed to warn the public, including Plaintiff, Barbara Ricci concerning the hidden defect.

65.  As a direct and proximate result of Defendants' failure to use due care in the inspection, repair, maintenance, security, crowd control and warnings regarding the subject area, Plaintiff, Barbara Ricci has sustained severe and permanent injuries and other damages described herein.

WHEREFORE, Plaintiff, Barbara Ricci demands judgment against Defendants, Kohl's, alias, and/or Defendant, "Doe" jointly and severally, on this Count plus interest and costs of this action.


THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS.

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 9/26/2020 10:25 AM
Envelope: 2925880
Reviewer: Rachel H

Plaintiff,
Barbara Ricci
By her Attorney

/s/Wayne G. Resmini, Esq.
Wayne G. Resmini, Esq. #6373
RESMINI LAW LLC
1022 Reservoir Avenue
Cranston, RI 02910
(401) 751-6655 (Phone)
(401) 751-6282 (Facsimile)


Dated: September 1, 2020

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2021 10:25 AM
Envelope: 2923840
Reviewer: Rachel L.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

Barbara Ricci
Plaintiff,

v.                                    Case No.: 1:21−cv−00040−JJM−LDA

Kin, Inc., et al.
Defendant.

## CASE OPENING NOTICE − NOTICE OF REMOVAL FROM STATE COURT

The above−captioned case has been removed pursuant to 28 U.S.C. § 1441. The above case number and caption should be used on all papers subsequently submitted to this Court. Any motion pending with the state court at the time of the removal must be refiled with this Court for consideration.

Within 14 days after filing the notice of removal, the defendant(s) filing the notice of removal shall do whatever is necessary to enable the clerk of the state court to assemble and electronically transmit a certified copy of the docket sheet and all documents filed in the case being removed.

It is the responsibility of the defendant(s) to ensure that the state court record is filed with the Court. The clerk of the state court will not electronically transmit the record until the defendant(s) provide written notice to all adverse parties and file a copy of such notice with the clerk of the state court in accordance with 28 U.S.C. § 1446(d).

Pursuant to LR Gen 201(b)(3), an attorney who is a member of the bar of the Rhode Island Supreme Court, and who represents a party in a case removed pursuant to 28 U.S.C. § 1441 *et seq* other than a party joining in the removal request, may appear and practice in this Court in that case, unless that attorney has been suspended or disbarred as a member of the bar of this Court.

Attorneys who are not members of the bar of this Court but who are permitted to appear and practice in this Court pursuant to the provisions of LR Gen 201(b)(3) must register as a Filing User and file documents electronically using the Court's Case Management/Electronic Case Files ("CM/ECF") system by completing the Electronic Filing Registration Form.

Dockets, opinions, rules forms, the court calendar and general notices can be obtained from the Courtr's website at www.rid.uscourts.gov. Parties should specifically review the notice(s) listed below:

Notice of Electronic Availability of Case Information

Notice to Counsel and *Pro Se* Litigants

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2021 10:25 AM
Envelope: 2923840
Reviewer: Rachel L.

Case 1:21-cv-00040-WS-MU-DA Document 2 Filed 01/20/21 Page 72 of 120 PageID #: 3507

If you wish to inquire about your case by telephone, please contact the case manager at the direct extension listed below.

January 20, 2021                                   Hanorah Tyer–Witek, Clerk of Court


U.S. District Court
for the District of Rhode Island
One Exchange Terrace
Providence, RI 02903
Case Manager: Barbara Barletta 401–752–7202

STATE OF RHODE ISLAND                    SUPERIOR COURT
PROVIDENCE, SC

BARBARA RICCI,

     Plaintiff

                                  C.A. NO. PC-2020-06487

v.

KIN, INC, alias KOHL'S DEPARTMENT
STORES, INC., alias, KOHL'S INC., alias,
KOHL'S INC., alias, KOHLS OF
ILLINOIS, alias, & DOE 1 THRU 4,
INCLUSIVE,

     Defendants

## **DEFENDANTS' JURY DEMAND**

     The Defendants, KIN, Inc., Kohl's Department Stores, Inc., Kohl's Inc., Kohls of Illinois

(misnamed), hereby demand a jury trial as to all triable issues of right and designates Amy B.

Yarbro as trial counsel.

                              The Defendants,

                              By Their Attorneys,

                              MORRISON MAHONEY LLP

                              */s/ Amy B. Yarbro*

                              Amy B. Yarbro (Parker), #8999
                              ayarbro@morrisonmahoney.com
                              250 Summer Street
                              Boston, MA 02210-1181
                              Phone:    617-439-7500
                              Fax:      617-342-4887

1567423v.1

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 12/21/2020 8:13 AM
Envelope: 2885662
Reviewer: Victoria H

Case 1:21-cv-00040-JJM-LDA   Document 3   Filed 01/20/21   Page 74 of 120 PageID #: 109

## CERTIFICATION

I hereby certify that this document filed through the Odyssey File & Serve System will be

sent electronically to the registered participants as identified on the Case Service Contacts List

and/or paper copies will be sent to those, postage pre-paid, indicated as non-registered participants

or participants as listed below this 21st day of December, 2020.

Wayne G. Resmini, Esq.
Resmini Law LLC
1022 Reservoir Avenue
Cranston, RI 02910


*/s/ Amy B. Yarbro*
_____

1567423v.1

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 12/21/2020 8:13 AM
Envelope: 2885662
Reviewer: Victoria H

1:20-CV-00040-JJM-LDA   Document 3   Filed 01/20/21   Page 75 of 120 PageID #: 110

STATE OF RHODE ISLAND                                SUPERIOR COURT
PROVIDENCE, SC

BARBARA RICCI,

       Plaintiff
                                           C.A. NO. PC-2020-06487

v.

KIN, INC, alias KOHL'S DEPARTMENT
STORES, INC., alias, KOHL'S INC., alias,
KOHL'S INC., alias, KOHLS OF
ILLINOIS, alias, & DOE 1 THRU 4,
INCLUSIVE,

       Defendants

## DEFENDANTS KIN, INC., KOHL'S DEPARTMENT STORES, INC., KOHL'S INC. AND KOHLS OF ILLINOIS' (MISNAMED) ANSWER TO PLAINTIFF'S COMPLAINT

1.      The defendants are without sufficient information to admit or deny the allegations contained in paragraph 1 of plaintiff's complaint.

2.      The defendants admit that Kohl's, Inc. is a foreign limited liability company registered to do business in the State of Rhode Island with a principal office of N56 W17000 Ridgewood Drive in Menomonee Falls, WI 53051, and a registered agent address of Corporate Creations Network, Inc., 10 Dorrance Street, Suite 700, Providence Rhode Island.  The defendants deny the remainder of the allegations contained in paragraph 2 of the plaintiff's complaint.

3.      The defendants admit that KIN, Inc. is a foreign limited liability company registered to do business in the State of Rhode Island with a principal office of N56 W17000 Ridgewood Drive in Menomonee Falls, WI 53051, and a registered agent address of Corporate Creations Network, Inc., 10 Dorrance Street, Suite 700, Providence Rhode Island.  The defendants deny the remainder of the allegations contained in paragraph 3 of the plaintiff's complaint.

4.      The defendants admit that Kohl's Illinois, Inc. is the former name of KIN, Inc., which is a foreign limited liability company registered to do business in the State of Rhode Island with a principal office of N56 W17000 Ridgewood Drive in Menomonee Falls, WI 53051, and a registered agent address of Corporate Creations Network, Inc., 10 Dorrance Street, Suite 700, Providence Rhode Island.  The defendants deny the remainder of the allegations contained in paragraph 4 of the plaintiff's complaint.

1567413v.1

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 12/21/2020 8:13 AM
Envelope: 2885662
Reviewer: Victoria H

CV-00040-JJM-LDA   Document 3   Filed 01/20/21   Page 76 of 120 PageID #: 111

5.      The defendants admit that Kohl's Department Stores, Inc., is the former name of Kohl's, Inc., which is a foreign limited liability company registered to do business in the State of Rhode Island with a principal office of N56 W17000 Ridgewood Drive in Menomonee Falls, WI 53051, and a registered agent address of Corporate Creations Network, Inc., 10 Dorrance Street, Suite 700, Providence Rhode Island. The defendants deny the remainder of the allegations contained in paragraph 5 of the plaintiff's complaint.

6.      The allegations contained in paragraph 6 plaintiff's complaint pertain to another defendant and no responsive averments are required.  To the extent that said allegations pertain to the defendants KIN, Inc., Kohl's Department Stores, Inc., Kohl's Inc. and/or Kohls of Illinois (misnamed), the defendants deny said allegations.

7.      The defendants deny the allegations contained in paragraph 7 of plaintiff's complaint.

## COUNT I

8.      The defendants deny the allegations contained in paragraph 8 of plaintiff's complaint.

9.      The defendants deny the allegations contained in paragraph 9 of plaintiff's complaint.

10.     The defendants deny the allegations contained in paragraph 10 of plaintiff's complaint.

11.     The defendants deny the allegations contained in paragraph 11 of plaintiff's complaint.

12.     The defendants deny the allegations contained in paragraph 12 of plaintiff's complaint.

13.     The defendants deny the allegations contained in paragraph 13 of plaintiff's complaint.

14.     The defendants deny the allegations contained in paragraph 14 of plaintiff's complaint.

15.     The defendants deny the allegations contained in paragraph 15 of plaintiff's complaint.

16.     The defendants deny the allegations contained in paragraph 16 of plaintiff's complaint.

17.     The defendants deny the allegations contained in paragraph 17 of plaintiff's complaint.

18.     The defendants deny the allegations contained in paragraph 18 of plaintiff's complaint.

        WHEREFORE, the defendants request that the plaintiff's complaint be dismissed with costs to defendants.

## COUNT II

19.     The defendants repeat and reassert their answers to Paragraphs 1 through 18 of the plaintiff's complaint.

20.     The defendants deny the allegations contained in paragraph 18 of plaintiff's complaint.

1567413v.1

21.     The defendants deny the allegations contained in paragraph 21 of plaintiff's complaint.

22.     The defendants deny the allegations contained in paragraph 22 of plaintiff's complaint.

23.     The defendants deny the allegations contained in paragraph 23 of plaintiff's complaint.

WHEREFORE, the defendants request that the plaintiff's complaint be dismissed with costs to defendants.

## COUNT III

24.     The defendants repeat and reassert their answers to Paragraphs 1 through 23 of the plaintiff's complaint.

25.     The defendants deny the allegations contained in paragraph 25 of plaintiff's complaint.

26.     The defendants deny the allegations contained in paragraph 26 of plaintiff's complaint.

27.     The defendants deny the allegations contained in paragraph 27 of plaintiff's complaint.

28.     The defendants deny the allegations contained in paragraph 28 of plaintiff's complaint.

WHEREFORE, the defendants request that the plaintiff's complaint be dismissed with costs to defendants.

## COUNT IV

29.     The defendants repeat and reassert their answers to Paragraphs 1 through 28 of the plaintiff's complaint.

30.     The defendants deny the allegations contained in paragraph 30 of plaintiff's complaint.

31.     The defendants deny the allegations contained in paragraph 31 of plaintiff's complaint.

32.     The defendants deny the allegations contained in paragraph 32 of plaintiff's complaint.

33.     The defendants deny the allegations contained in paragraph 33 of plaintiff's complaint.

34.     The defendants deny the allegations contained in paragraph 34 of plaintiff's complaint.

35.     The defendants deny the allegations contained in paragraph 35 of plaintiff's complaint.

36.     The defendants deny the allegations contained in paragraph 36 of plaintiff's complaint.

37.     The defendants deny the allegations contained in paragraph 37 of plaintiff's complaint.

1567413v.1

38.    The defendants deny the allegations contained in paragraph 38 of plaintiff's complaint.

WHEREFORE, the defendants request that the plaintiff's complaint be dismissed with costs to defendants.

## COUNT V

39.    The defendants repeat and reassert their answers to Paragraphs 1 through 38 of the plaintiff's complaint.

40.    The defendants deny the allegations contained in paragraph 40 of plaintiff's complaint.

41.    The defendants deny the allegations contained in paragraph 41 of plaintiff's complaint.

42.    The defendants deny the allegations contained in paragraph 42 of plaintiff's complaint.

43.    The defendants deny the allegations contained in paragraph 43 of plaintiff's complaint.

44.    The defendants deny the allegations contained in paragraph 44 of plaintiff's complaint.

WHEREFORE, the defendants request that the plaintiff's complaint be dismissed with costs to defendants.

## COUNT VI

45.    The defendants repeat and reassert their answers to Paragraphs 1 through 44 of the plaintiff's complaint.

46.    The defendants deny the allegations contained in paragraph 46 of plaintiff's complaint.

47.    The defendants deny the allegations contained in paragraph 47 of plaintiff's complaint.

48.    The defendants deny the allegations contained in paragraph 48 of plaintiff's complaint.

49.    The defendants deny the allegations contained in paragraph 49 of plaintiff's complaint.

50.    The defendants deny the allegations contained in paragraph 50 of plaintiff's complaint.

51.    The defendants deny the allegations contained in paragraph 51 of plaintiff's complaint.

52.    The defendants deny the allegations contained in paragraph 52 of plaintiff's complaint.

WHEREFORE, the defendants request that the plaintiff's complaint be dismissed with costs to defendants.

1567413v.1

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 12/21/2020 8:13 AM
Envelope: 2885662
Reviewer: Victoria H

CV-00040-JJM-LDA   Document 3   Filed 01/20/21   Page 79 of 120 PageID #: 114

## COUNT VII

53.    The defendants repeat and reassert their answers to Paragraphs 1 through 52 of the plaintiff's complaint.

54.    The defendants deny the allegations contained in paragraph 54 of plaintiff's complaint.

55.    The defendants deny the allegations contained in paragraph 55 of plaintiff's complaint.

56.    The defendants deny the allegations contained in paragraph 56 of plaintiff's complaint.

57.    The defendants deny the allegations contained in paragraph 57 of plaintiff's complaint.

58.    The defendants deny the allegations contained in paragraph 58 of plaintiff's complaint.

59.    The defendants deny the allegations contained in paragraph 59 of plaintiff's complaint.

60.    The defendants deny the allegations contained in paragraph 60 of plaintiff's complaint.

61.    The defendants deny the allegations contained in paragraph 61 of plaintiff's complaint.

62.    The defendants deny the allegations contained in paragraph 62 of plaintiff's complaint.

63.    The defendants deny the allegations contained in paragraph 63 of plaintiff's complaint.

64.    The defendants deny the allegations contained in paragraph 64 of plaintiff's complaint.

65.    The defendants deny the allegations contained in paragraph 65 of plaintiff's complaint.

WHEREFORE, the defendants request that the plaintiff's complaint be dismissed with costs to defendants.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The plaintiff's complaint fails to state a claim upon which relief may be granted against the defendants.

### SECOND DEFENSE

Plaintiff assumed the risk of her alleged injuries.

### THIRD DEFENSE

If the plaintiff was injured as alleged, which is denied, the same was due to her own lack of due care under the circumstances.

1567413v.1

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 12/21/2020 8:13 AM
Envelope: 2885662
Reviewer: Victoria H

CV-00040-JJM-LDA   Document 3   Filed 01/20/21   Page 80 of 120 PageID #: 115

## FOURTH DEFENSE

If the plaintiff was injured as alleged, which is denied, the same was due to the acts or omissions of others for whom the defendants are not responsible.

## FIFTH DEFENSE

The defendants state that the Plaintiff was guilty of negligence and that the damages, if any, recovered by the plaintiff should be reduced in proportion to said negligence of the plaintiff.

## SIXTH DEFENSE

The defendants were not negligent.

## SEVENTH DEFENSE

The plaintiff's complaint should be dismissed for insufficient of process and/or insufficiency of service of process.

## EIGHTH DEFENSE

The defendants state that the action is barred by the applicable statute of limitations.

## NINTH DEFENSE

The defendants state that venue is improper.

## TENTH DEFENSE

The defendants reserve the right to supplement the affirmative defenses pled herein.

WHEREFORE, the Defendants pray that this Court:

a.      Enter judgment for the Defendants dismissing all claims;

b.      Award the Defendants costs, expenses and attorneys' fees; and

c.      Grant such further relief as the Court may deem just.

1567413v.1

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 12/21/2020 8:13 AM
Envelope: 2885662
Reviewer: Victoria H

CV-00040-JJM-LDA   Document 3   Filed 01/20/21   Page 81 of 120 PageID #: 116

The Defendants,

KIN, Inc, Kohl's Department Stores, Inc.,
Kohl's Inc., and Kohls of Illinois (misnamed),

By Their Attorneys,

MORRISON MAHONEY LLP

*/s/ Amy B. Yarbro*

---

Amy B. Yarbro (Parker), #8999
ayarbro@morrisonmahoney.com
250 Summer Street
Boston, MA 02210-1181
Phone:    617-439-7500
Fax:       617-342-4887

## **CERTIFICATION**

I hereby certify that this document filed through the Odyssey File & Serve System will be

sent electronically to the registered participants as identified on the Case Service Contacts List

and/or paper copies will be sent to those, postage pre-paid, indicated as non-registered participants

or participants as listed below this 21st day of December, 2020.

Wayne G. Resmini, Esq.
Resmini Law LLC
1022 Reservoir Avenue
Cranston, RI 02910

*/s/ Amy B. Yarbro*

---

1567413v.1

STATE OF RHODE ISLAND                                  SUPERIOR COURT
PROVIDENCE, SC

BARBARA RICCI,

     Plaintiff

                                 C.A. NO. PC-2020-06487

v.

KIN, INC, alias KOHL'S DEPARTMENT
STORES, INC., alias, KOHL'S INC., alias,
KOHL'S INC., alias, KOHLS OF
ILLINOIS, alias, & DOE 1 THRU 4,
INCLUSIVE,

     Defendants

## **ENTRY OF APPEARANCE**

NOW COMES Amy B. Yarbro of the law firm Morrison Mahoney LLP and hereby

enters her appearance on behalf of the Defendants, Kin, Inc., Kohl's Department Stores, Inc.,

Kohl's Inc., Kohls of Illinois (misnamed), in the above-captioned matter.

1567113v.1

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 12/11/2020 9:06 AM
Envelope: 2873208
Reviewer: Victoria H

CV-00040-JJM-LDA    Document 3    Filed 01/20/21    Page 83 of 120 PageID #: 118

The Defendants,

By Their Attorneys,

MORRISON MAHONEY LLP

*/s/ Amy B. Yarbro*

_____

Amy B. Yarbro (Parker), #8999
ayarbro@morrisonmahoney.com
250 Summer Street
Boston, MA 02210-1181
Phone:    617-439-7500
Fax:        617-342-4887

## **CERTIFICATION**

I hereby certify that this document filed through the Odyssey File & Serve System will be sent electronically to the registered participants as identified on the Case Service Contacts List and/or paper copies will be sent to those, postage pre-paid, indicated as non-registered participants or participants as listed below this 11th day of December, 2020.

Wayne G. Resmini, Esq.
Resmini Law LLC
1022 Reservoir Avenue
Cranston, RI 02910

*/s/ Amy B. Yarbro*

_____

1567113v.1

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 10/27/2020 9:59 AM
Envelope: 2809299
Reviewer: Victoria H

Case 1:21-cv-00040-JJM-LDA   Document 3   Filed 01/20/21   Page 84 of 120 PageID #: 119



STATE OF RHODE ISLAND AND   PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| | **Civil Action File Number** |
|---|---|
| | PC-2020-06487 |
| **Plaintiff** | **Attorney for the Plaintiff or the Plaintiff** |
| Barbara Ricci | Wayne Resmini |
| v. | **Address of the Plaintiff's Attorney or the Plaintiff** |
| Kohl's, Inc. et al. | 1022 RESERVOIR AVENUE |
| **Defendant** | CRANSTON RI  02910 |
| Licht Judicial Complex | **Address of the Defendant** |
| Providence/Bristol County | c/o AFS Corporate Creations Network Inc |
| 250 Benefit Street | 10 Dorrance Street Suite 700 |
| Providence RI  02903 | Providence RI  02903 |
| (401) 222-3250 | |

**TO THE DEFENDANT, Kohl's Department Stores, Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 9/16/2020. | /s/ Henry Kinch |
|---|---|
| | Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 10/27/2020 9:59 AM
Envelope: 2809299
Reviewer: Victoria H

CV-00040-JJM-LDA    Document 3    Filed 01/20/21    Page 85 of 120 PageID #: 120



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| Plaintiff | Civil Action File Number |
|---|---|
| Barbara Ricci | PC-2020-06487 |
| v. | |
| Kohl's, Inc. et al. | |
| **Defendant** | |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Kohl's Department Stores, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

1:20-CV-00040-JJM-LDA    Document 3    Filed 01/20/21    Page 86 of 120 PageID #: 121



STATE OF RHODE ISLAND AND    PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.

Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.

Name of person and designation _____

☑ By delivering said papers to an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _Corporate Creations Network, Inc_

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

SERVICE DATE: _10/19/2020_ _343pm_    SERVICE FEE $ _45.00_

Month  Day  Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

Signature

HAROLD W. OUIMETTE
R.I. CONSTABLE #6129
_SC #13_

State of _____

County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 10/27/2020 9:59 AM
Envelope: 2809299
Reviewer: Victoria H

Case 1:21-cv-00040-JJM-LDA   Document 3   Filed 01/20/21   Page 87 of 120 PageID #: 122



STATE OF RHODE ISLAND AND   Justice Independence Honor   PROVIDENCE PLANTATIONS

## SUPERIOR COURT

### SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2020-06487 |
| **Plaintiff**<br>Barbara Ricci<br><br>v.<br><br>Kohl's, Inc. et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Wayne Resmini |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>1022 RESERVOIR AVENUE<br>CRANSTON RI 02910 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | **Address of the Defendant**<br>c/o AFS Corporate Creations Network Inc<br>10 Dorrance Street Suite 700<br>Providence RI 02903 |

**TO THE DEFENDANT, Kohl's of Illinois, Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 9/16/2020. | /s/ Henry Kinch<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

Case 1:21-cv-00040-JJM-LDA   Document 3   Filed 01/20/21   Page 88 of 120 PageID #: 123



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| | |
|---|---|
| **Plaintiff**<br>Barbara Ricci<br>v.<br>Kohl's, Inc. et al.<br>**Defendant** | **Civil Action File Number**<br>PC-2020-06487 |

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Kohl's of Illinois, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____

_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 10/27/2020 9:59 AM
Envelope: 2809299
Reviewer: Victoria H

CV-00040-JJM-LDA    Document 3    Filed 01/20/21    Page 89 of 120 PageID #: 124



STATE OF RHODE ISLAND AND    PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.

Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.

Name of person and designation _____

☑ By delivering said papers to an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____ Corporate Creations Network Inc. _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

SERVICE DATE: _10_ / _19_ / _2020_    3:43PM    SERVICE FEE $ _45°°_

       Month  Day   Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

Signature

State of _____

County of _____

    HAROLD W. OUIMETTE

    R.I. CONSTABLE #6129

        SC #137

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2

Regus Desi Dispatch

Case 1:21-cv-00040-JJM-LDA   Document 3   Filed 01/20/21   Page 90 of 120 PageID #: 125

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| | Civil Action File Number |
|---|---|
| | PC-2020-06487 |
| **Plaintiff** | **Attorney for the Plaintiff or the Plaintiff** |
| Barbara Ricci | Wayne Resmini |
| v. | **Address of the Plaintiff's Attorney or the Plaintiff** |
| Kohl's, Inc. et al. | 1022 RESERVOIR AVENUE |
| **Defendant** | CRANSTON RI  02910 |
| Licht Judicial Complex | **Address of the Defendant** |
| Providence/Bristol County | c/o AFS Corporate Creations Network Inc |
| 250 Benefit Street | 10 Dorrance Street Suite 700 |
| Providence RI  02903 | Providence RI  02903 |
| (401) 222-3250 | |

**TO THE DEFENDANT, Kin, Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 9/16/2020. | /s/ Henry Kinch |
|---|---|
| | Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 10/27/2020 9:59 AM
Envelope: 2809299
Reviewer: Victoria H

Case 1:21-cv-00040-JJM-LDA   Document 3   Filed 01/20/21   Page 91 of 120 PageID #: 126



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| **Plaintiff** | **Civil Action File Number** |
|---|---|
| Barbara Ricci | PC-2020-06487 |
| v. | |
| Kohl's, Inc. et al. | |
| **Defendant** | |

---

### PROOF OF SERVICE

    I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Kin, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____

_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 10/27/2020 9:59 AM
Envelope: 2809299
Reviewer: Victoria H

Case 1:21-cv-00040-JJM-LDA   Document 3   Filed 01/20/21   Page 92 of 120 PageID #: 127



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
Name of person and designation _____

☑ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent ___*Corporate Creations Network, Inc.*___
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ I was unable to make service after the following reasonable attempts: _____
_____

SERVICE DATE: __10/19/2020__ __343 pm__     SERVICE FEE $ __45 00__
Month   Day   Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE _____

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
Signature

State of _____

County of _____

HAROLD W. OUIMETTE
R.I. CONSTABLE #6129
SC #437

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND    PROVIDENCE PLANTATIONS

## SUPERIOR COURT

### SUMMONS

| | | **Civil Action File Number** |
| | | PC-2020-06487 |
| **Plaintiff** | | **Attorney for the Plaintiff or the Plaintiff** |
| Barbara Ricci | | Wayne Resmini |
| v. | | **Address of the Plaintiff's Attorney or the Plaintiff** |
| Kohl's, Inc. et al. | | 1022 RESERVOIR AVENUE |
| **Defendant** | | CRANSTON RI  02910 |
| Licht Judicial Complex | | **Address of the Defendant** |
| Providence/Bristol County | | c/o AFS Corporate Creations Network Inc |
| 250 Benefit Street | | 10 Dorrance Street |
| Providence RI  02903 | | Providence RI  02903 |
| (401) 222-3250 | | |

**TO THE DEFENDANT, Kohl's, Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 9/16/2020. | /s/ Henry Kinch |
| | Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

Case 1:20-cv-00040-JJM-LDA   Document 3   Filed 01/20/21   Page 94 of 120 PageID #: 129



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| | |
|---|---|
| **Plaintiff**<br>Barbara Ricci<br>v.<br>Kohl's, Inc. et al.<br>**Defendant** | **Civil Action File Number**<br>PC-2020-06487 |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Kohl's, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND    PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
Name of person and designation _____

☑ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____ Corporate Creations Network Inc

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____
_____
_____

SERVICE DATE: 10/19/2020 343 PM    SERVICE FEE $ 45 00
Month   Day   Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

Signature

State of _____

County of _____

HAROLD W. OUIMETTE
R.I. CONSTABLE #6129
SC #137

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND      PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2020-06487 |
| **Plaintiff**<br>Barbara Ricci<br> v.<br>Kohl's, Inc. et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Wayne Resmini |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>1022 RESERVOIR AVENUE<br>CRANSTON RI  02910 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>c/o AFS Corporate Creations Network Inc<br>10 Dorrance Street Suite 700<br>Providence RI  02903 |

**TO THE DEFENDANT, Kohl's Department Stores, Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 9/16/2020. | /s/ Henry Kinch<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND       PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| **Plaintiff**<br>Barbara Ricci<br> v.<br>Kohl's, Inc. et al.<br>**Defendant** | **Civil Action File Number**<br>PC-2020-06487 |
| --- | --- |

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Kohl's Department Stores, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name  of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name  of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
   Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
   _____

☐ I was unable to make service after the following reasonable attempts: _____
_____

| SERVICE DATE: ____/____/____ | SERVICE FEE $_____ |
| Month    Day    Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
 Signature

State of _____

County of _____

    On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND   PROVIDENCE PLANTATIONS

## SUPERIOR COURT

### SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2020-06487 |
| **Plaintiff**<br>Barbara Ricci<br> v.<br>Kohl's, Inc. et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Wayne Resmini |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>1022 RESERVOIR AVENUE<br>CRANSTON RI  02910 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>c/o AFS Corporate Creations Network Inc<br>10 Dorrance Street Suite 700<br>Providence RI  02903 |

**TO THE DEFENDANT, Kohl's of Illinois, Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 9/16/2020. | /s/ Henry Kinch<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND   PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| **Plaintiff** Barbara Ricci  v. Kohl's, Inc. et al. **Defendant** | **Civil Action File Number** PC-2020-06487 |
| --- | --- |

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Kohl's of Illinois, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name  of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name  of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
Name of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $_____ |
| Month    Day    Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
Signature

State of _____
County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND     PROVIDENCE PLANTATIONS

## SUPERIOR COURT

### SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2020-06487 |
| **Plaintiff**<br>Barbara Ricci<br> v.<br>Kohl's, Inc. et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Wayne Resmini |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>1022 RESERVOIR AVENUE<br>CRANSTON RI  02910 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>c/o AFS Corporate Creations Network Inc<br>10 Dorrance Street Suite 700<br>Providence RI  02903 |

**TO THE DEFENDANT, Kin, Inc.:**

    The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

    If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

    As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 9/16/2020. | /s/ Henry Kinch<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND   PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| **Plaintiff**<br>Barbara Ricci<br> v.<br>Kohl's, Inc. et al.<br>**Defendant** | **Civil Action File Number**<br>PC-2020-06487 |
| --- | --- |

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Kin, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.

Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.

Name of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $_____ |
| Month     Day     Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
Signature

State of _____

County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND   PROVIDENCE PLANTATIONS

## SUPERIOR COURT

### SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2020-06487 |
| **Plaintiff**<br>Barbara Ricci<br>v.<br>Kohl's, Inc. et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Wayne Resmini |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>1022 RESERVOIR AVENUE<br>CRANSTON RI  02910 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>c/o AFS Corporate Creations Network Inc<br>10 Dorrance Street<br>Providence RI  02903 |

**TO THE DEFENDANT, Kohl's, Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 9/16/2020. | /s/ Henry Kinch<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND   PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| **Plaintiff**<br>Barbara Ricci<br> v.<br>Kohl's, Inc. et al.<br>**Defendant** | **Civil Action File Number**<br>PC-2020-06487 |
| --- | --- |

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Kohl's, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
   Name  of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name  of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____

   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

   _____

☐ I was unable to make service after the following reasonable attempts: _____

_____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $_____ |
| Month     Day     Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
 Signature

State of _____

County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

**STATE OF RHODE ISLAND**                    **SUPERIOR COURT**
**PROVIDENCE, SC.**

| | |
|---|---|
| Barbara Ricci, | ) |
|     Plaintiffs | ) |
| | ) |
| v. | ) |
| | ) C.A. NO. P.C. 2020-_____ |
| Kin, Inc, alias | ) |
| Kohl's Department Stores | ) |
| Inc., alias, | ) |
| Kohl's Inc., alias, | ) |
| Kohl's Inc., alias, | ) |
| Kohl's Illinois, Inc., | ) |
| alias, & Doe 1 Thru Doe 4, | ) |
| Inclusive | ) |
|     Defendants | ) |
| | ) |

## PLAINTIFFS' JURY TRIAL DEMAND

Now comes the plaintiff, Barbara Ricci, hereby demand a
trial by jury on all counts of this Complaint

                    Plaintiff,
                    Barbara Ricci
                    By her Attorney

                    /s/Wayne G. Resmini, Esq.
                    Wayne G. Resmini, Esq. #6373
                    RESMINI LAW LLC
                    1022 Reservoir Avenue
                    Cranston, RI 02910
                    (401) 751-6655 (Phone)
                    (401) 751-6282 (Facsimile)

Dated: September 1, 2020

STATE OF RHODE ISLAND                          SUPERIOR COURT
PROVIDENCE, SC.

_____
Barbara Ricci                 )
    Plaintiff,           )
                              )
Vs.                           )
                              )  C.A. NO. PC 2020-_____
Kin, Inc, alias              )
Kohl's Department Stores,     )
Inc., alias, Kohl's Inc.,     )
alias, Kohl's Inc., alias,    )
Kohls of Illinois, alias, &   )
Doe 1 Thru Doe 4, Inclusive   )
    Defendants,          )
_____   )

### *COMPLAINT*

1.    The plaintiff, Barbara Ricci is an individual that is a
resident of North Providence, Rhode Island.

2.    Upon information and belief, Defendant, Kohl's, Inc.,
alias, and/or Defendant "Doe", aka Defendant, Kohl's
Department Stores, Inc., alias, Defendant, "Doe"
(hereinafter, "Kohl's") is a foreign corporation with a
business address of N56 W17000 Ridgewood Drive in Menomonee
Falls, WI 53051 with a licensed to do business address in
the State of Rhode Island. Upon information and belief, the
Defendant, Kohl's, alias, and/or Defendant, "Doe" is doing
business at 321 Putnam Pike, Ste A280 in Smithfield, Rhode
Island. The agent for service of process is Corporate
Creations Network, Inc., 10 Dorrance Street in Providence,
Rhode Island 02903.

3.    Upon information and belief, Defendant, Kin, Inc., alias,
and/or Defendant "Doe", aka Defendant, Kohl's Inc., alias,
Defendant, "Doe" (hereinafter, "Kohl's") is a foreign
corporation with a business address of N56 W17000 Ridgewood
Drive in Menomonee Falls, WI 53051 with a licensed to do
business address in the State of Rhode Island. Upon
information and belief, the Defendant, Kohl's, alias,
and/or Defendant, "Doe" is doing business at 321 Putnam
Pike, Ste A280 in Smithfield, Rhode Island. The agent for
service of process is Corporate Creations Network, Inc., 10
Dorrance Street, Ste. 700 in Providence, Rhode Island
02903.

4.     Upon information and belief, Defendant, Kohl's Illinois,
       Inc., alias, Defendant, "Doe" (hereinafter, "Kohl's") is a
       foreign corporation with a business address of N56 W17000
       Ridgewood Drive in Menomonee Falls, WI 53051 with a
       licensed to do business address in the State of Rhode
       Island. Upon information and belief, the Defendant, Kohl's,
       alias, and/or Defendant, "Doe" is doing business at 321
       Putnam Pike, Ste A280 in Smithfield, Rhode Island. The
       agent for service of process is Corporate Creations
       Network, Inc., 10 Dorrance Street, Ste. 700 in Providence,
       Rhode Island 02903.

5.     Upon information and belief, Defendant, Kolh's Department
       Stores, Inc., alias, and/or Defendant "Doe", aka Defendant,
       Kohl's Inc., alias, Defendant, "Doe" (hereinafter,
       "Kohl's") is a foreign corporation with a business address
       of N56 W17000 Ridgewood Drive in Menomonee Falls, WI 53051
       with a licensed to do business address in the State of
       Rhode Island. Upon information and belief, the Defendant,
       Kohl's, alias, and/or Defendant, "Doe" is doing business at
       321 Putnam Pike, Ste A280 in Smithfield, Rhode Island. The
       agent for service of process is Corporate Creations
       Network, Inc., 10 Dorrance Street, Ste. 700 in Providence,
       Rhode Island 02903.

6.     Upon information and belief, defendant, Doe 1 Thru Doe 4,
       Inclusive, (hereinafter, "Doe" the true names and
       capacities whether Individual, corporate, or otherwise, of
       the named herein as Doe 1 thru Doe 4, Inclusive, are
       unknown to the plaintiffs at the present time, the
       plaintiffs sue said Doe defendants by such fictitious
       names. Plaintiffs informed and believed and therefore
       alleged that each of the defendant designated herein by
       fictitious names are in some manner responsible for the
       events a happening herein referred to, and caused the
       damages proximate and foreseeable hereby to the plaintiffs
       as hereinafter alleged. Plaintiffs will ask leave of the
       Court amend this complaint when the true names and
       capacities of the "Doe" defendant(s) have been ascertained.

7.     Plaintiffs' damages are sufficient to confer jurisdiction
       in the Superior Court.

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 9/16/2020 10:17 AM
Envelope: 2735869
Reviewer: Victoria H

## COUNT I

8.  Several days prior to November 24, 2017, defendant, Kolh's, alias, and/or Defendant, "Doe" conducted an unusual and extensive advertising campaign in the Southern New England Area, advertising on radio, television, newspapers and sending out handbills advertising the fact that Kolh's store would be open early with great "Black Friday," bargains on November 24, 2017.

9.  On or about November 24, 2017, Plaintiff, Barbara Ricci, was a business invitee upon Defendants premises, Kolhl's, alias, and/or Defendant, "Doe" (hereinafter "Kohl's"), located at 321 Putnam Pike Ste. A 280 , Smithfield, Rhode Island and at all times herein was in the exercise of due care and caution so as to allow recovery in this matter.

10. On or about November 24, 2017, Defendant, Kolhl's, by and through its agents, servants and/or employees was under the obligation to maintain the premises located at 321 Putnam Pike Ste. A 280 in Smithfield, Rhode Island in a clean, good, and safe condition for the general public.

11. Defendant, Kolh's, had a duty to exercise reasonable care to protect invitees such as plaintiff, Barbara Ricci from those risks of which Defendant, Kolh's was actually aware, and from those risks of which Kolh's should have been aware after reasonable inspection.

12. On November 24, 2017, plaintiff, Barbara "Ricci was on the premises at 321 Putnam Pike Ste. A 280 in Smithfield, Rhode Island, the Kolh's building, plaintiff, state, that its officers, agents, and employees under the control and supervision of the defendant, Kolh's negligently and carelessly permitted excessive numbers of individuals onto the premises, placing plaintiff and others lawfully upon the premises in danger of injury from overcrowding.

13. Defendant, Kolh's, through its officers, agents, servants and employees, was further negligent in failing to control or supervise the conduct of the crowd within the premises. The crowd was unmanageable, and pushed and jostled plaintiff to such an extent that while she was traversing the aisles, she, lost her footing and tripped slipped fell to the floor. Plaintiff, state, defendants, through its officers, agents, and employees, was further negligent in failings to employ more personal to supervise the crowds

these negligent acts and omissions was a proximate cause of plaintiff's serious injuries.

14. As a direct and proximate result of the defendant's negligence, plaintiff has suffered and will continue to suffer severe physical pain and mental anguish, to plaintiff's damage in an amount within the jurisdictional limits of this court.

15. Defendant knew, or reasonably should have known, that crowds generated by its advertising, and the store would have a number of people of all ages shopping in the store and could result in harm to invitees such as that suffered by plaintiff.

16. Plaintiff's injuries were the proximate result of defendant's breach of its duty owed plaintiff to exercise reasonable care for plaintiff's protection. Defendant breached its duty of care owed plaintiff in the following particulars:

(a) in failing to use special police or security personnel or other appropriate means to keep order in the large crowd at defendant's store on the day of the sale;

(b) in failing to make any effort to prevent the crowd from engaging in dangerous pushing, shoving, and scuffling.

17. As a proximate result of the defendant's negligence, plaintiff has suffered and continues to suffer severe physical pain and mental anguish, to plaintiff's damage in an amount within the jurisdictional limits of this court.

18. As a direct and proximate result of the negligence of the Defendant, Kolhl's, the Plaintiff, Barbara Ricci, sustained severe personal injuries that required medical treatment for pain and suffering, trauma, anxiety, and loss of earning capacity, all of which were proximately caused by the negligence of said Defendant, Kolh's, and/or their agents servants and employees..

WHEREFORE, Plaintiff, Barbara Ricci demands judgment against the Defendant, Kolh's, alias, and/or Defendant, "Doe" plus interest, costs, and attorney fees.

CV-00040-JJM-LDA   Document 3   Filed 01/20/21   Page 113 of 120 PageID #: 148

COUNT II

19. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 18 of Count I above and repeats the same.

20. On November 24, 2017, Plaintiff, Barbara Ricci, was a business invitee upon the premises owned by the Defendant, Kolhl's, located at 321 Putnam Pike Ste. A 280 in Smithfield, Rhode Island, wherein the Plaintiff, Barbara Ricci, was invited to shop and purchase items from said Defendant, Kolh's, and, while upon said premises, sustained a personal injury.

21. Plaintiff, Barbara Ricci, having anticipated paying adequate consideration as a business invitee, imposes a contract of responsibility on said Defendant, Kolhl's', to maintain the property in a sufficient manner as to imply safety for its intended business invitee and guests.

22. As a result of the Defendant's, Kolhl's, breach of that contractual duty in failing to maintain its property in a reasonable and safe manner, the Plaintiff, Barbara Ricci, incurred medical expenses.

23. Additionally, Plaintiff, Barbara Ricci, sustained consequential damages as a result of the breach of contract by said Defendant, Kolhl's, and requests that she be indemnified accordingly.

WHEREFORE, Plaintiff, Barbara Ricci hereby demands judgment against the Defendant, Kolh's, alias, and/or Defendant, "Doe", on Count II, plus interest and costs.

COUNT III

24. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 23 of Count I and II above and repeats the same.

25. On or about November 24, 2017, Plaintiff, Barbara Ricci, was a business invitee upon Defendant, Kolhl's, premises wherein the Plaintiff, Barbara Ricci, was invited to purchase items from said Defendant, Kolhl's, and while upon said premises, sustained a personal injury.

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 9/16/2020 10:17 AM
Envelope: 2735869
Reviewer: Victoria H

CV-00040-JJM-LDA   Document 3   Filed 01/20/21   Page 114 of 120 PageID #: 149

26. Plaintiff, having paid consideration as business invitees, impose a contract of responsibility on said Defendant, Kolhl's, to maintain the property in a sufficient manner as to imply safety for its intended business invitee guests, and, further, by its mode of operation, is responsible for such negligence and foreseen conditions on its premises.

27. As a result of the Defendant's, Kohl's, breach of that duly in failing to maintain its property in a reasonable and safe manner, the Plaintiff incurred medical expenses and the loss of love, affection, companionship, society and consortium, all to the detriment of the Plaintiff, and as a result of the Defendant implied agreement to said Plaintiff.

28. Additionally, Plaintiff sustained consequential damages as a result of the breach of contract by said Defendant their agent's servants and employees, requests that they be indemnified accordingly.

WHEREFORE, Plaintiff, Barbara Ricci hereby demand judgment against the Defendants, jointly and severally, plus interest and costs.

COUNT IV

29. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 28 of Count I, Count II and Count III above and repeats the same

30. At all times mentioned in this complaint, defendant maintained, operated, and controlled a store for the retail sale of merchandise, known as Kolh's, located at 321 Putnam Pike Ste. A 280 in Smithfield, Rhode Island, wherein the Plaintiff, Barbara.

31. In the aisles of where the plaintiff was injured, defendant Kolh's maintained certain platforms that mannequin was resting on were placed throughout the store. The platforms holding the mannequin extended into the aisle, creating an obstruction to those passing along the aisle. The platforms were of a similar color and approximately the same shade as were floor covering and the platforms were not attached to the floors beneath them and created an unreasonable risk of injury to those passing along the aisle who would fail to notice the platform or be

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 9/16/2020 10:17 AM
Envelope: 2735869
Reviewer: Victoria H
CV-00040-JJM-LDA    Document 3    Filed 01/20/21    Page 115 of 120 PageID #: 150

distracted by the mannequin would be injured by coming into contact with them.

32.    At all times mentioned in this complaint, defendant knew or in the exercise of reasonable care should have known that the platforms holding the mannequins created an unreasonable risk of injury by their presence, so that patrons of the Kohls store would be surprised after observing other aisles free of such obstructions and the aisle in question often free of the obstructing seats.

33.    On November 24, 2017, plaintiff, Barbara Ricci, an invitee on defendant's premises, while viewing merchandise in the store with the intent to make purchases, walked against one of the carts on wheels holding merchandise that could not be places on the shelves, until a few moments prior to that time, had been free of obstruction. Plaintiff's struck the cart and a platform holding a store mannequin and the elderly plaintiff fell to the floor, sustaining injuries: [describe injuries].

34.    Defendant's negligence in maintaining the nuisance created by the collapsible seats under the circumstances described above without any sign or other device warning of their presence was the proximate cause of plaintiff's injuries.

35.    The injuries to plaintiff were caused solely and proximately by the negligence of defendant, Kolh's their agents, servants, and employees

36.    On or about, November 24, 2017, Defendant, Kolh's, by and through its agents, servants and/or employees were under any obligation to maintain the premises of Kolh's located at 321 Putnam Pike Ste. A 280 in Smithfield, Rhode Island, in a clean, good and safe condition for the general public.

37.    On or about November 24, 2017, Defendant, Kolh's by and through its agents, servants and/or employees was negligent in maintain the premises of Kohl's at 321 Putnam Pike Ste. A 280 in Smithfield, Rhode Island, tin a clean, good and safe condition so as to cause Plaintiff, Barbara Ricci to suffer injures when she tripped over the cart of one of the aisles.

38.    As a direct and proximate result of the negligence of the Defendant, Kohl's the plaintiff, Barbara Ricci, sustained severe personal injuries that required medical treatment

CV-00040-JJM-LDA   Document 3   Filed 01/20/21   Page 116 of 120 PageID #: 151

for pain and suffering, trauma anxiety, and loss of earning capacity all of which were proximately caused by the negligence of the Defendant, Kohl's.

WHEREFORE, Plaintiff, Barbara Ricci, hereby demands judgment against the Defendant, Kolh's plus interest and costs.

COUNT V

39. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 38 of Count I, Count II, Count III and Count IV above and repeats the same.

40. On or about November 24, 2017, Defendant, Kolh's a self-service establishment, should have reasonably foreseen that a dangerous condition could occur anywhere in the store due to the product sold in its store.

41. Plaintiff, Barbara Ricci, entrusted he safety to Defendant, Kolh's, and imposes a responsibility on said Defendant, Kohl's, to take reasonable precautions necessary to protect her form foreseeable conditions that are related to the owner's self-service mode of operation.

42. As a result of not taking reasonable precautions to protect the plaintiff, Barbara Ricci, Defendant, Kolh's breached their duty to provide a safe shopping environment for customers in its tore, and Defendant, Kolh's, is liable for the injuries sustained by the plaintiff, Barbara Ricci, on November 24, 2017.

43. As a direct and proximate sures of the negligence of the Defendant, Kolh's, the plaintiff, Barbara Ricci, sustained severe personal injuries that required medical treatment that is ongoing as well as other damages proximately caused by the negligence of the said defendant, Kolh's.

44. Damages are sufficient to confer jurisdiction upon the Superior Court.

WHEREFORE, Plaintiff, Barbara Ricci, hereby demands judgment against the Defendant, Kolh's plus interest and costs.

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 9/16/2020 10:17 AM
Envelope: 2735869
Reviewer: Victoria H

CV-00040-JJM-LDA   Document 3   Filed 01/20/21   Page 117 of 120 PageID #: 152

Count VI

45.   Plaintiff hereby incorporates by reference each and every
      allegation contained in Paragraphs 1 through 44 of Count I,
      Count II, Count III, Count IV and Count V above and repeats
      the same.

46.   At all times mentioned in this complaint, defendant Kolh's,
      alias, and/or Defendant, "Doe" owned, operated, and
      controlled a certain retail store, known as Kolh's located
      At 321 Putnam Pike Ste. A 280 in Smithfield, Rhode Island.

47.   On November 24, 2017, plaintiff, Barbara Ricci entered
      defendant's store during the regular hours for retail
      customers to inspect and, if desired, to purchase
      defendant's merchandise.

48.   At all times mentioned in this complaint, defendant had the
      duty to maintain the premises in a reasonably safe
      condition for retail customers, including plaintiff, and to
      provide in particular an aisle or other suitable place from
      which the customers, including plaintiff, could view the
      merchandise and make their purchases. In violation of this
      duty, defendant maintained in one of the aisles provided
      for customers a cart and clothing on the floor not readily
      observable by patrons of the store whenever the aisle
      became crowded. Defendant knew or had reason to know that
      this obstruction created an unreasonable risk of injury to
      those patronizing the store and could reasonably foresee
      that a patron, such as plaintiff, would trip and fall over
      the obstruction and be injured as a result.

49.   On the date first mentioned above, while plaintiff
      traversed the above-mentioned aisle with a number of other
      patrons, looking at the merchandise and moving with due
      care to avoid bumping into other patrons, plaintiff tripped
      over clothing and other obstructions in the aisle, fell to
      the floor, and sustained injuries.

50.   Defendant's negligence in failing to provide a reasonably
      safe aisle within which plaintiff might shop, and in
      maintaining the above-described obstruction in the aisle,
      was the proximate cause of plaintiff's injuries.

51.   The above-described injuries to plaintiff were caused
      solely and proximately by the negligence of defendant and

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 9/16/2020 10:17 AM
Envelope: 2735869
Reviewer: Victoria H

1:20-cv-00040-JJM-LDA   Document 3   Filed 01/20/21   Page 118 of 120 PageID #: 153

without any contributory negligence on the part of
plaintiff.

52. As a direct and proximate sures of the negligence of the
Defendant, Kolh's, the plaintiff, Barbara Ricci, sustained
severe personal injuries that required medical treatment
that is ongoing as well as other damages proximately caused
by the negligence of the said defendant, Kolh's.

WHEREFORE, Plaintiff, Barbara Ricci, hereby demands judgment
against the Defendant, Kolh's plus interest and costs and such
other and further relief as the court deems just and proper.

COUNT VII

53. Plaintiff hereby incorporates by reference the allegations
of paragraphs 1 through 52 as set forth herein.

54. Defendants and their agents, servants and/or employees at
all times material herein, owned, operated, managed,
controlled, and maintained the premises at 371 Putnam Pike,
Ste. A280 Smithfield, Providence County in the State of
Rhode Island.

55. Defendants and their agent's servants and employees were
responsible for providing security and safety measures for
crowd management and control at 371 Putnam Pike, Ste. A280
Smithfield, Providence County in the State of Rhode Island.

56. Defendants their agents, servants and employees  had a duty
to use reasonable care and specifically an obligation to
inspect, repair and reasonably maintain the subject areas,
of the premises which it leased, owned, managed,
maintained, controlled and/or operated.

57. Defendants failed to inspect and maintain the area in a
reasonably safe condition and failed to maintain the
premises in a condition fit for its intended and
foreseeable use.

58. Defendants failed to remove, inspect, or maintain, and/or
place a railing, rope, guardrail, or barriers around the
platform so that individuals lawfully upon the premises
would not slip trip and fall over an object that was not
properly anchored to the floor and easy to move.

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 9/16/2020 10:17 AM
Envelope: 2735869
Reviewer: Victoria H
CV-00040-JJM-LDA    Document 3    Filed 01/20/21    Page 119 of 120 PageID #: 154

59. Defendants failed to warn customers on the premises of the dangerous condition on the premises.

60. Based upon its obligation to inspect and maintain the subject area, Defendants, their agents servants, and employee knew or should have known that the subject area contained or which could not have been discovered by foreseeable users of the subject area through reasonable observation in a crowded store.

61. Defendants knew or should have known that the subject area was open to use by business invitees and guests and encouraged and advertised for customers to be there.

62. Defendants and their agents, servants and employees having caused them to exist through negligent maintenance and inspection of the subject area, failed to remove the hidden danger and failed to warn the public, including Plaintiff.

63. Defendants knew or should have known that the subject area was open to continual and extensive use by the public. Defendants failed to provide adequate security or crowd control and failed to instruct or warn patrons of the danger of the platform.

64. Defendants, having caused the hidden defect to exist through their negligent placement, design, construction, maintenance and inspection of the premises, failed to remove the hidden defect, abate the dangerous conditions, and failed to warn the public, including Plaintiff, Barbara Ricci concerning the hidden defect.

65. As a direct and proximate result of Defendants' failure to use due care in the inspection, repair, maintenance, security, crowd control and warnings regarding the subject area, Plaintiff, Barbara Ricci has sustained severe and permanent injuries and other damages described herein.

WHEREFORE, Plaintiff, Barbara Ricci demands judgment against Defendants, Kohl's, alias, and/or Defendant, "Doe" jointly and severally, on this Count plus interest and costs of this action.

THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS.

Case Number: PC-2020-06487
Filed in Providence/Bristol County Superior Court
Submitted: 9/16/2020 10:17 AM
Envelope: 2735869
Reviewer: Victoria H

CV-00040-JJM-LDA   Document 3   Filed 01/20/21   Page 120 of 120 PageID #: 155

Plaintiff,
Barbara Ricci
By her Attorney

<u>/s/Wayne G. Resmini, Esq.</u>
Wayne G. Resmini, Esq. #6373
RESMINI LAW LLC
1022 Reservoir Avenue
Cranston, RI 02910
(401) 751-6655 (Phone)
(401) 751-6282 (Facsimile)


Dated: September 1, 2020